(65 Misc. Rep. 1.)

### TRUST CO. OF AMERICA v. CONKLIN.

(Supreme Court, Appellate Term. November 12, 1909.)

1. ACTION (§ 27*)—NATURE AND FORM—CONTRACT OR TORT.

Though the right of a bank to charge a depositor with the amount paid on an unauthorized check, causing an overdraft, arises from the depositor's negligence, the bank may recover the amount in an action on contract in form.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27.*]

2. BANKS AND BANKING (§ 148*)—DEPOSITORS—PAYMENT OF UNAUTHORIZED CHECK—NEGLIGENCE OF DEPOSITOR.

Where the drawer prepares a check so negligently that it may easily be altered without giving the instrument a suspicious appearance, and an alteration is afterwards made, he is chargeable by the bank for the amount paid through his negligence.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–452; Dec. Dig. § 148.*]

3. BANKS AND BANKING (§ 148*)—DEPOSITORS—PAYMENT OF FORGED CHECK.

A depositor, who signed checks in blank to be used by his bookkeeper in the business, is chargeable by the bank for money paid on a check which was stolen and filled out by an unauthorized employé.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–452; Dec. Dig. § 148.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Trust Company of America against Henry Conklin. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

May & Jacobson (I. N. Jacobson, of counsel), for appellant.
John G. Boston (J. Haviland Tompkins, of counsel), for respondent.

LEHMAN, J. The plaintiff seeks to recover from the defendant for an overdraft of his account. It appears that the overdraft arose from the fact that the defendant left the city, and upon his departure gave his bookkeeper a number of checks, signed by him in blank, in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order to provide funds for use in his business. His bookkeeper locked the checks in a drawer of the safe. One of the defendant's employés knew where the key was hidden, abstracted a blank check, and filled in the blank so that it apparently became a complete instrument payable to bearer for the sum of $200.

In the case of Crawford v. West Side Bank, 100 N. Y. 50 at pages 53–55, 2 N. E. 881, 53 Am. Rep. 152, the court says:

"The relation existing between a bank and its depositor is, in a strict sense, that of debtor and creditor. * * * In disbursing the customer's funds, it can pay them only in the usual course of business, and in conformity to his directions. In debiting his account, it is not entitled to charge any payments except those made at the time when, to the person whom, and for the amount authorized by him. * * * It receives the depositor's funds upon the implied condition of disbursing them according to his order, and upon an accounting is liable for all such sums deposited as it has paid away without receiving valid direction therefor. * * * The questions arising on such paper between the drawee and drawer, however, always relate to what the one has authorized the other to do. * * * The question of negligence cannot arise unless the depositor has, in drawing his check, left blanks unfilled, or by some affirmative act of negligence has facilitated the commission of a fraud by those into whose hands the check may come."

If, therefore, the plaintiff has shown a right to charge the account of this defendant, even though that right arises by reason of the negligence of the defendant, then the plaintiff may recover herein, although the action is, in form, based on contract.

The courts of this state have been, however, averse to allowing recoveries on the ground of negligence of a party to an instrument, and even in the case cited above there is a dictum that the bank is liable for payment of a check where a material part has been altered, "even though it has been done so skillfully as to defy detection by examination." In the recent case of National Exchange Bank v. Lester, 194 N. Y. 461, 87 N. E. 779, 21 L. R. A. (N. S.) 402, the court held that the indorser of a promissory note, the amount of which had been fraudulently raised after the indorsement by means of a forgery, is not liable upon the instrument in the hands of a bona fide holder for the increased amount because of negligence in indorsing the instrument, when there were spaces thereon which rendered the forgery easy, although the note was complete in form. The court there said (194 N. Y. 472, 473, 87 N. E. 783, 21 L. R. A. [N. S.] 402):

"An averment of negligence necessarily imports the existence of a duty. * * * On what theory is the indorser negligent because he places his name on the paper without first seeing to it that these spaces are so occupied by cross lines or otherwise as to render forgery less feasible? It can only be on the theory that he is bound to assume that those to whom he delivers the paper or into whose hands it may come will be likely to commit a crime if it is comparatively easy to do so. I deny that there is any such presumption in the law. * * * On the contrary, the presumption is that men will do right rather than wrong."

In the present case we have two causes intervening to produce a check which the defendant did not intend to order the plaintiff to pay. The defendant delivered the check, signed in blank, to an agent upon whose fidelity he was bound to rely, and the blanks were subsequently filled in, not by his own agent, but by one who obtained the check

through a crime. I do not think that the defendant's agent can be considered negligent in his care of the instrument. It is true that it was stolen; but he kept it locked up in a drawer under circumstances that showed at least reasonable care, and he could not presume that a trusted porter would turn out to be a clever thief. If the defendant is liable at all, it is because he owed the bank a duty which he violated by signing the check in blank.

We may, for the purpose of this appeal, dismiss entirely the question whether the defendant would be liable to a bona fide holder for value. The question before us is entirely one concerning the duties of a depositor to his bank. That a depositor owes a real duty of care to the bank has been frequently decided, and this duty is greater than that which the maker of an instrument owes to subsequent holders for value. A purchaser of a negotiable instrument can take it or not, at his option, and usually, at least to some extent, relies upon the responsibility of the last holder. A bank, however, must at its peril pay out the money deposited, if the depositor directs him to do so. "The text-books are unanimous in asserting that where a drawer of a check has prepared his check so negligently that it can be easily altered without giving the instrument a suspicious appearance, and alterations are afterwards made, he can blame no one but himself, and that in such case he cannot hold the bank liable for the consequences of his own negligence in that respect. * * * The facts disclosed by the record peculiarly call for the application of the rule, which we think sound upon principle, as well as authority." Timbel v. Garfield Nat. Bank, 121 App. Div. 870 at pages 872, 873, 106 N. Y. Supp. 497 at pages 499, 500.

In this case a depositor has signed a blank check, and has made it possible for a person obtaining the check, not only to successfully tamper with it, but has facilitated, if not invited, the forgery which was actually successfully completed. In one sense he may not have been negligent. It is possible that even a careful man might be willing to assume the risk of theft; but he owed a duty to the bank to put his signature upon a blank check only for the purpose of directing it to pay out the money, and, however slight the risk, the depositor is the person who has assumed it. The bank could not discover the forgery in any possible way, because his act had rendered such discovery practically impossible, and by virtue of his contractual relation to the bank he is now bound to pay back to the bank the money which it has paid out.

The judgment should be affirmed, with costs. All concur.