### THE STATE OF OHIO *v.* STEVENS.

[Cite as State v. Stevens (1979), 65 Ohio Misc. 4.]

(No. 79 CRB 02399—Decided August 24, 1979.)

Akron Municipal Court.

*Mr. A. Bruce Lane,* city prosecutor, for plaintiff.
*Mr. Gerald W. Berger,* for defendant.

GEORGE, J.   The defendant, Justin Stevens, has moved the court for an order of dismissal or transfer for the reason that this court lacks jurisdiction over the person of the defendant.

The facts are stipulated as follows. The defendant, at age seventeen, stole two photography lenses from a public high school. Approximately one year after the theft, and six months after the defendant turned eighteen, the whereabouts of the lenses became known to the police. The defendant was found to be in possession of one of the lenses and was charged, as an adult, with receiving stolen property under R. C. 2913.51.

The sole issue for consideration by the court is whether the defendant was properly charged as an adult. If he was, then the matter must proceed in this court to a final disposition. If he was not, then the motion to dismiss is well taken and should be granted.

The defendant argues that the proper charge is petit theft. Since the theft was committed while the defendant was a juvenile, jurisdiction is lodged in the Juvenile Division of the Probate Court. Alternatively, the defendant argues, that while a charge of receiving stolen property may be a proper charge, it should be filed with the Juvenile Division of the Probate Court, since the original receipt occurred while the defendant was a juvenile.

The prosecution contends that the charge of receiving stolen property, charging the defendant as an adult, is proper

since the possession of the stolen property occurred not only while the defendant was a juvenile, but while he was eighteen years of age.

Had the defendant been charged with petit theft, the matter falls within the exclusive jurisdiction of the Juvenile Division of the Probate Court. Similarly, had the defendant been found to be in receipt of the stolen lens while under the age of majority, and been charged with receiving stolen property at that time, again it is a juvenile matter. Juv. R. 2(2).

In the instant case, however, the offense was not discovered at the time of the commission of the theft, nor during the defendant's minority. The defendant's role in the offense was only discovered six months after he had reached adulthood and while he was still in possession of the stolen lens.

The date the defendant first came into possession of the stolen lens does not determine how he is to be charged. It is the nature of this offense which makes the defendant amenable to adult charges.

R. C. 2913.51(A) makes it an offense to "receive, retain, or dispose of property of another***." The word "retain" is defined in Black's Law Dictionary (5 Ed.) as "[t]o *continue to hold,* have, use, recognize, etc., and to keep." (Emphasis added.) Thus, it is not only the initial act of receiving stolen property which is prohibited under the statute, but the continuous course of conduct involved in retaining such property. Clearly, the defendant engaged in this course of conduct for some six months as an adult.

The continuing criminal conduct, from the defendant's minority into majority, brings him within the jurisdiction of this court. While the defendant may be charged with only one offense, he will not be heard to complain that the police should have detected his criminal activity sooner. Since the defendant continued his criminal conduct into adulthood he is now amenable to a criminal charge as an adult.

The prosecution may elect how it wishes to pursue the criminal prosecution of this defendant. It had several alternatives: (1) To charge the defendant with petit theft, as a juvenile; (2) to charge the defendant with receiving stolen property, as a juvenile; or (3) to charge the defendant with receiving stolen property, as an adult. They chose the latter.

Although the defendant admitted the theft, that does not give him standing to complain that he has been wrongfully charged as an adult. Such a decision is clearly vested within the sound discretion of the prosecution. *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238. The defendant's remedy is to put the state to the burden of proof required in criminal matters, as to each and every element of the crime charged.

The defendant's motion to dismiss or transfer is denied.

*Motion denied.*