The STATE of Ohio, Appellee,

v.

HOMER, Appellant.

[Cite as *State v. Homer* (1992), 78 Ohio App.3d 477.]

Court of Appeals of Ohio,
Geauga County.

No. 91–G–1661.

Decided March 2, 1992.

*Brian M. Richter,* Assistant Prosecuting Attorney, for appellee.
*David M. King,* for appellant.

JOSEPH E. MAHONEY, Judge.

This appeal, having been placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. IV(8) and shall not be considered controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).

In November 1989, appellant, who was seventeen years old, stole a snowmobile. On March 8, 1991, the Geauga County Sheriff's Department located the stolen snowmobile and obtained a statement from appellant that he had stolen the snowmobile and retained it in his possession until it was recovered by the sheriff's department.

Appellant was indicted for receiving stolen property as an adult, since he retained the stolen snowmobile past his eighteenth birthday. Although appellant admitted stealing the snowmobile, he was not charged with theft. Appellant sought to have the case transferred from the trial court to the juvenile court. After a hearing, appellant's motion for transfer was denied. Thereafter, appellant pled no contest and was convicted as charged.

On appeal, appellant argues that the trial court erred in denying his motion to transfer. The issue raised is whether a juvenile who retains stolen property beyond age eighteen may be charged as an adult under R.C. 2913.51. Adopting the rationale expressed in *State v. Stevens* (1979), 65 Ohio Misc. 4, 19 O.O.3d 29, 413 N.E.2d 862, we answer this question in the affirmative. By continuing to retain the stolen property four months past his age of majority, appellant made himself amenable to a criminal charge as an adult. We agree that "it is not only the initial act of receiving stolen property which is prohibited under the statute [R.C. 2913.51], but the continuous course of conduct involved in retaining such property. * * * " *Id.* at 5, 19 O.O.3d at 30, 413 N.E.2d at 863.

For the reasons stated herein, appellant's sole assignment of error is without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.