OPINION
Plaintiff-appellant, the state of Ohio, appeals the decision of the Fayette County Common Pleas Court granting a motion to dismiss the indictment of defendant-appellee, Henry Estle.[1]
Appellee was indicted in June 2001 for receiving stolen property under R.C. 2913.51(A), a felony of the fifth degree. The charge stemmed from allegations that appellee was in possession of items belonging to his former employer, Gusweiler's GM Center ("Gusweiler").
Appellee worked for Gusweiler from 1992 to 1994. Appellee rented a storage unit in April 1999, but defaulted on the storage rental agreement in May 2001. A third party bought the contents of appellee's storage unit wherein stolen merchandise belonging to Gusweiler was allegedly discovered. The indictment of appellee followed a month later.
Appellee moved to dismiss the indictment, stating that the six-year statute of limitations for felonies barred the prosecution. The trial court agreed with appellee, noting that appellee was last employed by Gusweiler in September 1994. The trial court rejected appellant's argument that the "retain" portion of R.C. 2913.51 encompassed a continuing course of conduct that would permit prosecution for receiving stolen property under the time frame in the instant case. Appellant appeals the decision, alleging that the trial court erred in dismissing the indictment. We find appellant's assignment of error to be well-taken.
R.C. 2913.51 states that no person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
The statute of limitations on crimes normally begins to run when the crime is complete. State v. Climaco (1999), 85 Ohio St.3d 582, 586, andToussie v. United States (1970), 397 U.S. 112, 115, 90 S.Ct. 858, 860. We agree with appellant's assertion that the receiving stolen property offense was not complete in 1994. We also agree with appellant that R.C.2913.51 contemplates a continuing offense when the term "retain" is utilized in addition to "receive" and "dispose" in the statute.
R.C. 2901.13(D) states that "[A]an offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first."
The terms of R.C. 2913.51 are not defined in the code, but courts have looked to dictionary sources to define "retain." Black's Law Dictionary (6 Ed. 1990) 1315, defines "retain" as "to continue to hold, have, use, recognize, etc. and to keep." State v. Stevens (M.C. 1979),65 Ohio Misc. 4, 5, citing Black's Law Dictionary, [5 Ed.]. The Tenth Appellate District relied on the definition of "retain" in Webster's Third New International Dictionary (1976), 1894, to mean "to hold in possession or use, to continue to have, use, recognize, accept, or to maintain in one's keeping." Matter of Windle (Dec. 2, 1993), Franklin App. No. 93AP- 746, unreported.
The Toussie court stated that a particular criminal offense should not be construed as a continuing offense unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime is such that the legislature must have intended that it be treated as a continuing offense. Toussie, 397 U.S. at 115,90 S.Ct. at 860.
If the legislature had intended that the crime of receiving stolen property apply only to the moment when property is "received," it would have worded the statute accordingly. State v. Shue (1994),97 Ohio App.3d 459, 463.
It is not only the initial act of receiving stolen property that is prohibited under R.C. 2913.51, but the continuous course of conduct involved in retaining such property. State v. Homer (1992),78 Ohio App.3d 477, 478, citing State v. Stevens, 65 Misc. 4 (finding that defendant who continued to hold stolen property past the age of majority was now within the jurisdiction of and amenable to a criminal charge of receiving stolen property as an adult).
Appellee and the trial court focused on 1994 as the trigger to commence the limitations statute because appellee allegedly admitted to stealing the merchandise in 1994 at the latest. However, appellee is not being charged with the theft. Appellant is being charged with receiving stolen property and he was allegedly in possession of stolen property as late as 2001.
Accordingly, the statute of limitations for the offense of receiving stolen property had not expired and appellee's indictment was not barred. Appellant should have been given the opportunity to prove beyond a reasonable doubt whether appellee was keeping, using, holding or possessing stolen property. Appellant's assignment of error is sustained. The trial court's judgment granting the motion to dismiss is reversed and this matter is remanded to the trial court for further proceedings.
Judgment reversed and remanded.
WALSH, P.J., and POWELL, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.