DECISION AND JUDGMENT ENTRY
{¶ 1} Timothy A. Steward appeals the trial court's judgment, arguing that the court lacked jurisdiction to convict him of receiving stolen property as he was a juvenile at the time he committed the offense. Because the plain language of R.C. 2913.51(A), the receiving stolen property statute, provides that a violation occurs when a person retains property known to be obtained through the commission of a theft offense and Steward was convicted for possessing stolen property after his eighteenth birthday, we conclude that it is irrelevant when Steward first obtained the property. Thus, the court had jurisdiction to convict and sentence him for committing this crime. Steward also argues that the court erred in sentencing him to: 1) greater than the minimum, 2) the maximum, and 3) consecutive sentences. Because we conclude that the record supports the court's findings that the shortest prison term would demean the seriousness of Steward's conduct and not adequately protect the public from future crime, we hold that the court's imposition of longer than the minimum terms of incarceration is appropriate. Moreover, because the record supports the trial court's finding that Steward committed one of the worst forms of the offense of receiving stolen property in that he used a stolen firearm to commit an aggravated robbery, we uphold the court's imposition of the maximum term of imprisonment for the receiving stolen property conviction. However, we conclude that the record does not support the imposition of the maximum sentence for the aggravated robbery conviction or the imposition of consecutive sentences due to Steward's young age, lack of prior incarceration, lack of an adult or serious juvenile criminal record, and the factual circumstances surrounding the aggravated robbery conviction. Finally, we reverse the court's order that Steward pay the costs associated with his prosecution because Steward is indigent and, absent a change in financial status, indigent defendants cannot be ordered to pay costs.
 {¶ 2} On December 17, 2001, less than a week after his eighteenth birthday, Steward entered Schafer's Store in Ludlow Township, Washington County, and pointed a gun at Delbert Schafer, the owner of the store. Steward stated that he was holding up the store, opened the cash register, and took approximately $400.00. Mr. Schafer, who was ninety-one years old at the time, remained seated in his chair. Steward then exited the store, tearing the phone off the wall as he left.
 {¶ 3} Approximately twenty minutes after the robbery, the Washington County Sheriff's Department apprehended Steward, who was in a vehicle with his then-girlfriend, Heather Jung. Upon searching Steward's vehicle, the Sheriff's Department discovered an unloaded Beretta 22-caliber gun in a black holster under the driver's side seat. The Sheriff's Department also found approximately $400.00 in Jung's purse. A check of the firearm revealed that it had been stolen on November 28, 2001, along with numerous other items, from the home of Stephen and Melinda Haas.
 {¶ 4} On January 10, 2002, a grand jury indicted Steward on one count of aggravated robbery with a firearm specification and one count of receiving stolen property. Because Steward was a juvenile at the time of the Haas burglary, the State did not attempt to obtain a grand jury indictment on that charge but filed a complaint in juvenile court alleging Steward's involvement. Thereafter, Steward pled guilty to aggravated robbery and receiving stolen property. In exchange for his guilty plea, the State agreed to eliminate the gun specification from the aggravated robbery charge.
 {¶ 5} Following a pre-sentence investigation, the Washington County Court of Common Pleas sentenced Steward to a ten-year imprisonment term on the aggravated robbery conviction and an eighteen-month imprisonment term on the receiving stolen property conviction, to be served consecutively. Both terms of imprisonment were the maximum allowed under law. The court issued its sentencing entry on July 22, 2002 and this timely appeal followed. Steward assigns the following errors: "FIRSTASSIGNMENT OF ERROR — Mr. Steward's receiving stolen property conviction and sentence are void because the trial court lacked jurisdiction to entertain the charge, pursuant to R.C. 2151.23(A)(1), and violates the due process clause of the Fifth, and Fourteenth Amendments to the United States Constitution. [Citations omitted.] SECOND ASSIGNMENTOF ERROR — The trial court erred by imposing more than the minimum prison sentences for Mr. Steward's aggravated robbery and receiving stolen property convictions, in derogation of R.C. 2929.14(B), and in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section Sixteen, Article One of the Ohio Constitution. [Citations omitted.] THIRD ASSIGNMENT OF ERROR
— The trial court erroneously imposed maximum prison sentences for Mr. Steward's aggravated robbery and receiving stolen property convictions, in derogation of R.C. 2929.14(C) and in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section Sixteen, Article One of the Ohio Constitution. [Citations omitted.] FOURTH ASSIGNMENT OF ERROR — The record is devoid of evidence supporting the trial court's imposition of consecutive sentences, in contravention of R.C. 2929.14(E)(4), and in violation of Mr. Steward's due process rights under the Fifth andFourteenth Amendments to the United States Constitution, and Section Sixteen, Article One of the Ohio Constitution. [Citations omitted.] FIFTHASSIGNMENT OF ERROR — The trial court erred by imposing costs. [Citations omitted.]"
 I. {¶ 6} In his first assignment of error, Steward asserts that the Washington County Court of Common Pleas lacked jurisdiction to convict and sentence him on the receiving stolen property charge as he was a juvenile at the time he committed the offense.
 {¶ 7} R.C. 2913.51(A) provides: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The State alleges that Steward is guilty of violating R.C.2913.51(A) because he retained property, i.e. the gun stolen from the Haas residence, which he knew was obtained through the commission of a burglary. Steward argues that the "retain" language in R.C. 2913.51(A) was inserted so as to permit the conviction of a person who receives property without knowing that it is stolen, later learns the status of the property and, despite that knowledge, decides to keep or sell the property.[1] Steward asserts that the drafters of R.C. 2913.51(A) did not intend to make receiving stolen property a continuing offense and, therefore, Steward violated this statute at the time he initially obtained the gun and knew it was stolen, i.e. on November 28, 2001, prior to his eighteenth birthday.
 {¶ 1} In his brief, Steward acknowledges that two Ohio courts have already held that an individual can be indicted in Common Pleas Court for receiving stolen property even when the item was stolen while the individual was under eighteen years of age. See State v. Stevens (1979),65 Ohio Misc. 4, 5; State v. Homer (1992), 78 Ohio App.3d 477, 478. Nonetheless, relying on case law from other jurisdictions, Steward argues that this Court should decline to follow the existing Ohio case law.
 {¶ 2} Under Ohio law, it is a cardinal rule that a court must first look to the language of a statute itself to determine the legislative intent. In re Hayes (1997), 79 Ohio St.3d 46, 48, citingState v. S.R. (1992), 63 Ohio St.3d 590, 594-595. In interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage. Independent Ins.Agents of Ohio, Inc. v. Fabe (1992), 63 Ohio St.3d 310, 314; R.C. 1.42. Courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used. Wray v. Wymer (1991), 77 Ohio App.3d 122, 130. In other words, courts may not delete words used or insert words not used. Cline v. Ohio Bur. of Motor Vehicles (1991), 61 Ohio St.3d 93, 97.
 {¶ 3} R.C. 2913.51(A) explicitly prohibits a person from not only receiving stolen property, but from retaining it. As the court noted in Stevens, supra, "retain" is defined as "[t]o continue to hold, have, use, recognize, etc., and to keep." Citing Black's Law Dictionary (5 Ed.). Clearly, Steward's act of continuing to have the stolen gun on December 17, 2001 constituted a violation of R.C. 2913.51(A) regardless of when Steward initially took possession of the gun.
 {¶ 4} For these reasons, we agree with the holdings of our colleagues in Homer and Stevens and overrule Steward's first assignment of error.
 II. {¶ 5} In assignments of error two through four, Steward challenges the trial court's decisions to impose more than the minimum prison sentences and to impose the maximum sentences for his aggravated robbery and receiving stolen property convictions, as well as the court's order that he serve the sentences for the two convictions consecutively.
 {¶ 6} When an appellate court reviews a trial court's sentencing decision, the reviewing court will not overturn the trial court's sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison sentence without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. See R.C. 2953.08(G)(1);State v. McCain, Pickaway App. No. 01CA22, 2002-Ohio-5342. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See State v. Eppinger, 91 Ohio St.3d 158,164, 2001-Ohio-247, 743 N.E.2d 881; State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 A. {¶ 1} Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). See, also, State v. Edmonson,86 Ohio St.3d 324, 325, 1999-Ohio-110, 715 N.E.2d 131. However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B)(2); Edmonson, supra. The trial court is not required to give specific reasons for finding that the minimum prison term is inappropriate. Edmonson, supra, at syllabus. However, the court must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. Id. at 326.
 {¶ 2} In its sentencing entry, the trial court explicitly found that, as to both the aggravated robbery and receiving stolen property convictions, "the shortest possible prison term would demean the seriousness of the offender's conduct and/or would not adequately protect the public from future crime by this offender or others." (Entry of July 22, 2002 at p. 5.) Therefore, we conclude that the court complied with the requirements of R.C. 2929.14(B) prior to imposing greater than the minimum sentences on Steward.
 {¶ 3} Nonetheless, Steward contends that the record does not support the trial court's decision to impose more than the minimum sentences. We disagree. While Steward has no other adult convictions, as the trial court noted, the defendant has several juvenile convictions including theft, domestic violence, and unauthorized use of a motor vehicle. Moreover, Steward violated his juvenile probation not once, but twice. While, as Steward states in his appellate brief, prison may have a greater deterrent effect on one who has not previously been incarcerated, Steward's prior brushes with the law obviously did not deter him from committing these crimes. Further, the circumstances of the crimes to which Steward pled guilty demonstrate that the shortest prison sentences available would not be appropriate. Steward entered a store with a stolen weapon, pointed it at a ninety-one year old man, and stole money. Therefore, the record supports the trial court's imposition of longer than the minimum sentences.
 {¶ 4} Steward also contends that the imposition of greater than the minimum sentences is improper because the court failed to consider imposing the minimum sentences prior to imposing the maximum sentences. Even assuming that the law supports Steward's argument, the record does not. Steward cites to the transcript in support of his position. However, a review of the transcript reveals that the court stated several reasons why it believed Steward's conduct was egregious, determined that the shortest prison terms were inappropriate, and then went on to consider whether maximum sentences should be imposed. (Tr. at pp. 67-70.) Steward's second assignment of error is overruled.
 B. {¶ 5} R.C. 2929.14(C) limits a trial court's authority to impose the maximum prison sentence. Under R.C. 2929.14(C), maximum sentences are reserved for those offenders who (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. If the trial court imposes the maximum sentence, it must not only make one of the required findings but also give its reasons for doing so. R.C. 2929.19(B)(2)(d).
 {¶ 6} In its sentencing entry, the trial court found that "by participating in the armed robbery of a 91 year old store owner who was innocently operating a family business that he has helped run all of his life, the defendant has committed the worst form of this offense, and due to his criminal history as a juvenile, which includes two offenses of violence, and includes two violations of probation, and given the crime spree that he was involved in here, he poses the greatest likelihood of recidivism * * *." (Entry of July 22, 2002 at pp. 5-6.) The court further found that as to the receiving stolen property conviction, "this Defendant has committed the worst form of this offense, namely because the weapon, a .22 caliber pistol, which was one of the objects of this offense, was subsequently used in an Armed Robbery (Count One) by this defendant, and the Court also determines that given his criminal history as a juvenile, and the crime spree that he was involved in here, the offender poses the greatest likelihood of recidivism." (Entry of July 22, 2002 at p. 6.) We conclude that the trial court made the requisite findings under R.C. 2929.14(C) and stated the reasons for its findings as mandated by R.C. 2929.19(B)(2)(d).
 {¶ 7} However, Steward contends that the record does not support the court's conclusions as to either finding on both charges. As to the armed robbery sentence, Steward argues that neither the fact that Mr. Schafer is a law-abiding businessman nor Mr. Schafer's age makes this case the "worst form" of the offense as Mr. Schafer suffered no injuries and, despite the court's finding that Mr. Schafer suffered "serious economic harm," there is no evidence that the taking of $400.00 constituted such harm. Moreover, he argues that the gun used during the robbery was unloaded. As to the receiving stolen property charge, Steward argues that the fact that the stolen gun was used to commit another felony is immaterial and the serious emotional harm caused to the Haas family by the burglary has no bearing on the receiving stolen property conviction. Concerning his likelihood of committing future crimes, Steward contends that given his remorse and lack of prison experience, maximum prison sentences are unnecessary to rehabilitate him.
 {¶ 8} First, we consider whether the record supports the trial court's finding that Steward committed the "worst form of the offense[s]." Notably, the statute itself provides that maximum sentences are reserved for those who commit the worst forms of the offense. "The language, thus, admits of more than one situation that might constitute the worst form of a particular offense." Griffin Katz, Ohio Felony Sentencing Law (2002 Ed.), Section 7.6. The sentencing court should consider the impact on the victim, the intent of the offender, the offender's position of responsibility, whether the offense was an organized criminal activity, and the totality of the circumstances, including any mitigating circumstances, when making its determination. Id., citing State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, affirmed by 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
 {¶ 9} Concerning the aggravated robbery conviction, the record demonstrates that Steward pointed an unloaded weapon at a ninety-one year old store owner, stole $400.00, ripped the telephone off the wall of the store and exited. There is no evidence in the record that the victim of the crime suffered physical or emotional harm as a result of this crime. In fact, the pre-sentence investigation report (PSI) reveals that the victim "thought this was a prank" when Steward initially pointed the gun at him. Moreover, while the prosecution argues that $400.00 is a substantial economic loss to a small store owner in Washington County, and this may be true, there is no evidence in the record to support such a finding. In any event, the PSI reveals that the money was recovered from Jung, forfeited by her to the State of Ohio and/or the Washington County Sheriff's Office, and used to repay Mr. Schafer for the loss that he suffered.
 {¶ 10} The record further reveals that Steward accepted responsibility for this crime and expressed remorse. Steward argued that he committed this crime because Jung informed him that she was pregnant and would have an abortion if he did not rob the store to obtain money for her, presumably to support the baby. The court was free to doubt Steward's expressions of remorse and his excuse for committing the crime. However, given the lack of serious economic or physical harm, we can only conclude that there is clear and convincing evidence that Steward did not commit one of the worst forms of aggravated robbery.
 {¶ 11} Next, we consider whether Steward committed one of the worst forms of receiving stolen property. Steward was found in possession of a stolen firearm which he admittedly used to commit an aggravated robbery. Steward argues that because the use of the weapon is not an element of the statutory offense of receiving stolen property, its use is immaterial. We disagree. Obviously, the possession and use of a stolen firearm is significantly worse than if law enforcement had simply found a stolen firearm in Steward's possession. Therefore, we conclude that the record supports the trial court's finding that Steward committed one of the worst forms of receiving stolen property such that the imposition of the maximum sentence was appropriate.
 {¶ 12} The trial court also found that the longest prison term was appropriate as to both convictions because Steward poses the greatest likelihood of committing future crime. In reaching this conclusion, the court noted that although Steward had no other adult convictions, he had prior juvenile convictions for theft, two counts of domestic violence, and unauthorized use of a motor vehicle, as well as two probation violations within six months. In finding the offenses for which Steward was being sentenced more serious, the court also noted that "the crime was a part of a series of criminal activity by this defendant and her [sic] co-defendant." (Entry of July 22, 2002 at p. 4.) Apparently, the court was referring to the fact that, in addition to being accused of burglarizing the Haas home and robbing Schaefer's Store, Steward and Jung were also accused of burglarizing Myers General Store and Schafer's Store on November 29, 2001. While the record reflects that one count of burglary was pending against Steward in Washington County Juvenile Court arising from his involvement in the Haas burglary, there is no evidence in the record that any charges were filed against Steward as to the other two burglaries.
 {¶ 13} In a sentencing hearing, the court may consider information which would have been inadmissible at trial. State v. Harris, Cuyahoga App. No. 78519, 2002-Ohio-1406, citing State v. Cassidy (1984),21 Ohio App.3d 100, syllabus paragraph one. Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings including sentencing hearings. State v. Cook (1998),83 Ohio St.3d 404, 425, 70 N.E.2d 570. Therefore, it is permissible for the court to consider information concerning a defendant's previous criminal history including uncharged yet undisputed conduct. State v.Hanson, Lucas App. No. L-01-1217, 2002-Ohio-1522; Harris, supra. The PSI reveals that during his second interview with the Washington County Sheriff's Office, Steward admitted that he burglarized Schafer's Store, Meyer's General Store and the Haas residence. Consequently, the court could consider this information when determining the appropriate sentence for Steward.
 {¶ 14} Nonetheless, we still conclude that the record does not support the trial court's finding that Steward poses the greatestlikelihood of committing future crime. The use of the term "greatest likelihood" requires the court to determine not simply that recidivism is "likely" or "highly likely." Griffin Katz, supra, at Section 7.6. "It is a superlative applicable to a very limited number of offenders for whom hope of reformation seems extremely limited if not truly impossible, at least in the maximum time period of imprisonment available for the particular offense." Id. Moreover, "[b]ecause prison is considered to be the most effective deterrent and because R.C. 2929.14(B) requires that a person who has not been to prison should receive the minimum prison sentence unless the sentencing judge finds that the minimum would demean the seriousness of the offender's conduct or not adequately protect the public from future crime, there would seem to be strong guidance against imposing the maximum prison sentence on one who has not previously been imprisoned." Griffin Katz, supra, at Section 7.7.
 {¶ 15} We agree with the trial court that Steward's criminal history demonstrates some likelihood of recidivism. However, the record simply does not support the court's finding that the greatest likelihood
of recidivism is present. Steward was barely eighteen years old when he committed the offenses for which he was sentenced and was a juvenile when he committed all the other acts which constitute his criminal history. Moreover, while the trial court correctly noted that Steward has two violent offenses on his juvenile record, Steward's entire juvenile criminal history consists of offenses which would have been misdemeanors if committed by an adult. Further, given that Steward has never served a prison sentence, we cannot conclude that the maximum sentence is necessary. In fact, the imposition of such a lengthy sentence on such a youthful offender may encourage rather than discourage future criminal conduct by Steward, causing Steward to become a hardened career criminal rather than punishing him for his crimes but providing him a chance to turn his life around. We conclude that the record does not support the trial court's finding that Steward poses the greatest likelihood of recidivism such that the imposition of maximum sentences is appropriate.
 {¶ 16} Because we conclude that the court's finding that Steward committed one of the worst forms of the offense of receiving stolen property is supported by the record, we overrule appellant's third assignment of error as it relates to his sentence for this conviction. However, because we conclude that the record does not support the court's conclusion that Steward committed one of the worst forms of the offense of aggravated robbery or that he poses the greatest likelihood of committing future crime, we reverse the court's imposition of the maximum sentence as to this conviction.
 C. {¶ 17} Generally, trial courts in Ohio must impose concurrent prison sentences. R.C. 2929.41(A). However, a trial court may impose consecutive prison sentences under R.C. 2929.14(E)(4) when: "* * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." The inquiry under R.C.2929.14(E)(4) is a "tripartite procedure." State v. Haugh, Washington App. No. 00CA18, 2001-Ohio-2426. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender"; second, the court must find that the consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" he poses; and finally, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id. The verb "finds," as used in R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. See State v. Edmonson (1999), 86 Ohio St.3d 324, 326,1999-Ohio-110, 715 N.E.2d 131; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21.
 {¶ 1} Additionally, the court must comply with R.C. 2929.19(B)(2)(c) which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * if it imposes consecutive sentences under section 2929.14 of the Revised Code." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Brice, supra. Thus, after a sentencing court has made the required findings under R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. Id.; see, also, State v.Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589.
 {¶ 2} In its sentencing entry, the trial court found that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the offender's course of criminal conduct reflect the seriousness of the offender's conduct. And, the court [found] that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this offender. The Court also [found] that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and said consecutive sentences are not disproportionate to the serousness [sic] of the offender's conduct and to the danger the offender imposes [sic] to the public." (Entry of July 22, 2002 at p. 3.) These findings are sufficient to satisfy the statutory requirements of R.C. 2929.14(E)(4).
 {¶ 3} After making these findings, the court then stated that it found certain factors present that make this offense more serious including the age of the victim of the aggravated robbery and the fact that the victim was working at his own store when he was threatened with a gun pointed in his face; the fact that during the robbery Steward was in possession of a .22 caliber pistol which was used to threaten the victim and facilitate the crime; the fact that the crime was part of a series of criminal activity by this defendant and his co-defendant; the serious economic harm caused to Delbert Schafer; and the serious emotional harm caused to the Haas family who learned that their property was used in the commission of an aggravated robbery. The court also noted that the defendant's prior juvenile convictions and probation violations make Steward more likely to commit future crimes. Based on a review of the entry, we conclude that the court cited these factors as its reasons for imposing consecutive sentences and, therefore, complied with the mandate of R.C. 2929.19(B)(2)(c).
 {¶ 4} Steward argues that the record does not support the imposition of consecutive sentences and we must agree. First, it is important to note that the imposition of consecutive sentences is subject to even greater restrictions than the imposition of maximum terms of incarceration. State v. De Amiches (Mar. 1, 2001), Cuyahoga App. No. 77609. As the Eighth District noted in De Amiches, "[w]hile R.C. 2929.14(C) essentially allows a maximum term upon a finding that either the punishment or public protection purposes of R.C. 2929.11 will be served thereby, the imposition of consecutive sentences must be analyzed with respect to both purposes. Although the judge can impose the sentence primarily for punishment purposes (by citing the gravity of the offenses) or for public protection purposes, he must also find that the sentences are not disproportionate with respect to both purposes. Moreover, the judge may not consider whether the sentences are disproportionate with respect to the risk of future crime by others; R.C. 2929.14(E)(4) requires a finding that the sentences are not disproportionate to the danger the offender poses to the public."
 {¶ 5} For the reasons stated in the previous assignment of error, there is insufficient evidence to support the trial court's finding that the harm caused by Steward's commission of both the aggravated robbery and the receiving stolen property charge were "so great or unusual" that no single prison term adequately reflects the seriousness of the offender's conduct. Moreover, implicit in our determination that the maximum sentence for the aggravated robbery conviction is unsupported because Steward did not commit the "worst form" of the offense is the conclusion that a single prison term adequately reflects the seriousness of Steward's conduct such that R.C. 2929.14(E)(4)(b) is inapplicable. See Griffin Katz, supra, at Section 7.16 (stating that if the maximum sentence for the most serious offense is insufficient, then the court should consider the imposition of consecutive sentences).
 {¶ 6} Likewise, the trial court's finding that Steward's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Steward is unsupported. Again, "[i]mplicit in R.C. 2929.14(E)(4)(c) is that the court has considered imposing the maximum sentence for the most serious offense and has determined that sentence to be inadequate to protect the public." Griffin Katz, supra, at Section 7.17. In the previous assignment of error, we concluded that the record demonstrates that the imposition of the maximum sentence for the aggravated robbery conviction is unnecessary to protect the public from Steward as a lesser term of imprisonment is sufficient to provide such protection. For the same reasons previously cited, we must conclude that consecutive sentences are likewise unnecessary for such public protection.
 {¶ 7} We conclude that the imposition of consecutive sentences is unsupported by the record and sustain Steward's fourth assignment of error.
 III. {¶ 8} In his final assignment of error, Steward contends that the court erred in imposing costs on him because he is indigent. The State concurs with Steward's position in this regard.
 {¶ 9} In State v. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684, we held that "[c]osts should not be assessed against a defendant previously determined to be indigent unless the court determines that the defendant's financial status has changed." We reached this result based on a review of the statutory language of R.C. 2949.14
and the Eleventh District Court of Appeals' holding in State v. Heil
(Mar. 30, 2001), Geauga App. No. 2000-G-2268, vacated for lack of a final appealable order, 95 Ohio St.3d 531, 2002-Ohio-2841.
 {¶ 10} R.C. 2929.14 provides that "[u]pon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify * * * a complete itemized bill of the costs made in such prosecution * * *." (Emphasis added.) In Heil, the court noted that "[t]he use of the term `nonindigent' implies that indigent defendants cannot be assessed court costs in felony cases." (Emphasis in original.) The Heil court found that "the legislature intended to relieve indigent felony defendants from the burden of court costs, just as they are relieved from having to pay for an attorney, pay for expert witnesses, pay for filing fees, or pay for transcripts." The court noted, however, "a trial court always has the discretion to evaluate a defendant's affidavit of indigency and determine whether the defendant is truly indigent." The court remanded for resentencing, ordering that costs only be assessed if the trial court became satisfied that the defendant is not indigent.
 {¶ 11} In the instant action, the record demonstrates that Steward is indigent and the State does not dispute this fact. Therefore, we sustain Steward's fifth assignment of error.
 {¶ 12} For the reasons cited herein, we overrule Steward's first and second assignments of error and sustain Steward's third, fourth, and fifth assignments of error and remand this matter to the trial court for further action consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED and that the Appellee and Appellant split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment Opinion.
[1] Interestingly, Steward makes this argument based not on Ohio legislative history, but on a Nebraska case interpreting the Nebraska receiving stolen property statute.