**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles WYATT, Defendant-Appellant.**

**No. 83–1294.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1984.

Decided July 19, 1984.

---

# 1500

Kathryn E. Ma, San Francisco, Cal., for plaintiff-appellee.

Sandra Teters, Special Asst. U.S. Atty., San Francisco, Cal., for defendant-appellant.

Before DUNIWAY, ANDERSON, and SKOPIL, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Charles Wyatt sold to an undercover secret service agent a stolen United States Treasury check. The check, an income tax refund, had been mailed but was stolen before it reached the payee. Wyatt was convicted under 18 U.S.C. § 641 for the unauthorized sale of government property. We affirm.

Section 641 provides:

Whoever ... without authority, sells any ... thing of value of the United States or of any department or agency thereof [shall be guilty of an offense against the United States].

Wyatt contends the check was not a "thing of value" of the United States. In *United States v. Miller*, 520 F.2d 1208 (9th Cir.1975), however, this court held that a stolen United States Treasury check was a "thing of value" of the United States within the meaning of § 641. 520 F.2d at 1210. The *Miller* court reasoned, " '[w]hen the drawer is the Government, it is the Government's piece of paper and the thief has stolen the property of the Government and of the person he has convinced to make payment.' " *Id.* (quoting *United States v. Collins*, 464 F.2d 1163, 1165 (9th Cir.1972).

Wyatt additionally argues that his conviction must be overturned because the Government has not suffered an "actual property loss." *Collins*, 464 F.2d at 1165. Wyatt relies upon *United States v. Fleetwood*, 489 F.Supp. 129 (D.Ore.1980), in which United States Savings Bonds were stolen from the possession of the owners. The district court held that the only potential loss to the Government was the cost of replacing the bonds, which was insufficient to support a conviction under § 641. The court interpreted the property loss in *Miller* to be the risk of loss to the Government of the face value of the treasury check "rather than the mere loss of a piece of paper whose intrinsic value may amount to nothing." 489 F.Supp. at 134. Based on this reasoning, Wyatt contends that the Government has not suffered a sufficient property loss because the treasury check was not cashed, and even if it had been, California law provides a cause of action against the paying bank for reimbursement.

*Miller*, however, held that "the check itself" was a thing of value of the United States. 520 F.2d at 1210. This comports with the discussion of property loss under § 641 in *Collins*. The *Collins* court distinguished between the theft of a United States Treasury check and a warrant issued by the City of San Francisco, stating, "[u]nlike the case of *United States v. Lee* (9th Cir.1972), 454 F.2d 190 [upholding a

conviction under § 641 for the theft of a United States Treasury check], ... *the actual piece of paper,* did not belong to the Government." 464 F.2d at 1165 (emphasis added). We agree with the reasoning in *Clark v. United States,* 268 F. 329 (6th Cir.1920):

This defendant, if he stole the check, was not stealing it for the value of the paper upon which it was written. He was stealing it for the purpose of unlawfully securing the sum of $44.80 that did not belong to him and, even if it were necessary to have recourse to the intrinsic value of the paper upon which the check was written as a basis of this prosecution, its value is by no means the measure of his guilt.

*Id.* at 331.

We therefore hold that the Government has suffered a property loss cognizable under § 641. To the extent *Fleetwood* is inconsistent with this opinion, it is disapproved. The district court is

AFFIRMED.