The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Aliven THOMAS, Defendant–Appellant.

No. 93CA1973.

Colorado Court of Appeals,
Div. III.

Aug. 24, 1995.

Rehearing Denied Oct. 12, 1995.

Certiorari Denied April 22, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, and Susan J. Schneider, Assistant Attorney General, Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Karen M. Gerash, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Aliven Thomas, appeals the judgments of conviction of first degree criminal trespass and attempt to commit theft of property valued less than $400. He contends that the trial court erred when it refused to dismiss the charges against him after it was discovered that the police had lost the jacket he wore the night of the crimes charged. He also argues that the trial court erred in

concluding it was required to impose an aggravated sentence for first degree criminal trespass and in imposing that sentence consecutive to a sentence previously imposed on defendant. We reject defendant's first contention and agree in part with the second. We therefore affirm the convictions but vacate the sentence for first degree criminal trespass and remand the cause to the trial court for resentencing.

## I.

Responding to a report of an intruder in a neighbor's garage late at night, police found defendant sitting in the front passenger seat of a car parked on the street, with a flashlight in his mouth. The car's passenger window was broken. Defendant ran, dropping stereo equipment he had taken from the car. The police gave chase and quickly apprehended defendant in another neighbor's backyard.

Defendant was charged with a variety of offenses. The two crimes of which he was convicted relate to his presence and activities in the car.

For the criminal trespass conviction, the trial court sentenced defendant to 2 years in the Department of Corrections, to run consecutive to a sentence for an unrelated crime defendant had begun serving at the time of sentencing. The court sentenced defendant to 90 days in jail for the attempted theft conviction, to run concurrent to the sentence for the criminal trespass conviction. This appeal followed.

## II.

■ Defendant asserts that the trial court erred in refusing to dismiss all of the charges against him when it became known that the police lost his jacket, which defendant claims was critical exculpatory evidence regarding his identification. We perceive no error.

■ The state has a duty to preserve evidence, but that duty is limited to evidence which might be expected to play a significant role in a suspect's defense. To meet this standard of constitutional materiality, evidence must possess both an exculpatory value that was apparent before the evidence was lost or destroyed and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *See California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *People v. Greathouse,* 742 P.2d 334 (Colo.1987).

Defendant contends that the jacket was exculpatory evidence on the issue of identity because the prosecution's witnesses failed to describe the distinctive markings on his jacket. However, as to the crimes of which defendant was convicted, the jacket possessed no exculpatory value before it was lost, and in fact was not material to proving defendant's identity at trial. His identity was established as to these crimes through the testimony of the officer who had confronted him face-to-face while he was in the car and the officer who assisted in his apprehension as he tried to flee from the car. Neither relied on defendant's clothing as the basis of identification. We therefore perceive no denial of defendant's due process rights and no error in the trial court's refusal to dismiss the charges of which defendant was convicted. *See People v. Greathouse, supra; People v. Erickson,* 883 P.2d 511 (Colo.App.1994).

## III.

■ Defendant contends that his sentence for the first degree criminal trespass conviction must be vacated because the trial court erred both in concluding it was required to sentence defendant in the aggravated range and in imposing such a sentence consecutive to the sentence he had begun serving. Because defendant was not on probation at the time he committed the criminal trespass, we agree that the trial court was not required to sentence him in the aggravated range. It is therefore necessary to remand for resentencing.

At the time of the offense, the presumptive sentencing range for first degree criminal trespass was from one to four years. *See* § 18–4–502, C.R.S. (1994 Cum.Supp.); § 18–1–105(1)(a)(IV), C.R.S. (1994 Cum.Supp.). If defendant were on probation for another felony at the time of the commission of the crime, the trial court was required to impose

a sentence of at least the midpoint in the presumptive range and not more than twice the maximum presumptive term. *See* § 18–1–105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B). Otherwise, the trial court was not required, but had discretion, to impose a sentence in the aggravated range if it found aggravating circumstances sufficient to warrant a departure from a sentence in the presumptive range. *See* § 18–1–105(6), C.R.S. (1986 Repl. Vol. 8B).

While the record in this case contains no documentation on the issue, both the prosecutor and defense counsel stated at the sentencing hearing that, at the time defendant committed the criminal trespass, he was not on probation. Rather, his probation for a prior conviction had been revoked, and he had been released on bond while he was awaiting sentencing for that prior conviction. The prosecutor nevertheless argued for imposition of a sentence in the aggravated range.

For the crime of first degree criminal trespass, the statute indicates that the range for an aggravated sentence would be two and one-half to eight years. *See* § 18–1–105(9)(a), C.R.S. (1994 Cum.Supp.). The prosecutor and defense counsel nevertheless both agreed that the aggravated sentencing range was two to eight years.

The trial court's oral ruling was unclear as to whether it concluded that an aggravated sentence was mandatory. However, the judgment of conviction stated that this sentence was in the aggravated range "due to defendant['s] being on probation at the time of this offense."

■ Contrary to the People's argument, we cannot construe § 18–1–105(9)(a)(III), which requires the court to impose a sentence in the aggravated range if defendant is "on probation for another felony at the time of the commission of the felony," to include a situation in which a defendant is on bond after revocation of probation and awaiting sentencing on the earlier felony. Even if we were to conclude the statute were ambiguous as applied to these circumstances, the rule of lenity would require that we resolve any ambiguities in the penal code in defendant's

favor. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983).

Furthermore, the General Assembly has demonstrated its awareness of the separate status of being on bond by expressly making the commission of a felony while on bond in other contexts a basis for requiring sentencing in the aggravated range. *See* § 18–1–105(9)(a)(VIII), C.R.S. (1986 Repl.Vol. 8B) (defendant on appeal bond); *see also* § 18–1–105(9.5)(a), C.R.S. (1994 Cum.Supp.) (enhanced sentence required when defendant on bond before conviction for previous felony).

We therefore conclude that, under § 18–1–105(9)(a)(III), defendant's status did not require a sentence in the aggravated range. Thus, it is necessary to vacate that sentence and remand for resentencing. *See People v. Wells,* 691 P.2d 361 (Colo.App.1984).

## IV.

Defendant also contends the trial court erroneously concluded that consecutive sentencing for the criminal trespass conviction was required in this case and that a remand is necessary for the imposition of a concurrent sentence. We disagree.

The trial court's oral ruling was again unclear as to whether it considered itself required by statute to impose a consecutive sentence. However, in contrast to the imposition of the sentence in the aggravated range, the judgment of conviction gives no indication that the court had concluded consecutive sentencing was required.

■ A sentencing court has discretion to impose a sentence to be served consecutive or concurrent to a sentence already imposed. *People v. Flower,* 644 P.2d 64 (Colo.App. 1982), *aff'd,* 658 P.2d 266 (Colo.1983). At the time of sentencing for these crimes, defendant had been sentenced to four years imprisonment on the earlier felony conviction.

■ We find no abuse of discretion in imposing the consecutive sentence. The trial court on remand may nevertheless reconsider the sentence for this conviction as a whole, including whether to impose any sentence of imprisonment consecutive or concurrent to the existing sentence.

The judgments of conviction are affirmed, the sentence for first degree criminal trespass is vacated, and the cause is remanded for resentencing.

STERNBERG, C.J., and PIERCE,* J., concur.