The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Bertha Denise BOYD, Defendant–Appellant.

No. 99CA1896.

Colorado Court of Appeals, Div. I.

March 29, 2001.

Certiorari Denied Sept. 10, 2001.

Ken Salazar, Attorney General, Julia A. Thomas, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Bertha Denise Boyd, appeals the judgment of conviction entered upon a jury verdict finding her guilty of two counts of providing false information to a pawnbroker. We affirm.

■ Defendant's conviction was based on evidence establishing that she provided false information to a pawnbroker regarding the length of time she had owned the items she pawned, in violation of § 12–56–103(1), C.R.S.2000. Her sole contention on appeal is that she has been denied equal protection of the laws because providing false information to a pawnbroker, a class five felony under § 12–56–104(5), C.R.S.2000, is not rationally distinguishable, for purposes of assigning different punishments, from providing false information to a purchaser of valuable articles, a class six felony under § 18–16–108, C.R.S. 2000.

Defendant did not raise this contention at any time in the trial court. Therefore, we decline to consider it. *See People v. Cagle*, 751 P.2d 614, 619 (Colo.1988) ("It is axiomatic that this court will not consider constitutional issues raised for the first time on appeal"); *see also People v. Lesney*, 855 P.2d 1364 (Colo.1993) (rejecting due process and equal protection challenges because they were not presented to trial court but were raised for first time on appeal); *People v. Frank*, 30 P.3d 664 (Colo.App.2000) (declining to consider equal protection argument not raised in trial court).

■ Moreover, we do not agree with defendant that, notwithstanding the general principle set forth in these cases, her contention may be reviewed under the plain error doctrine, which allows an appellate court to correct particularly egregious unpreserved errors. *See* Crim.P. 52(b); *People v. Harlan*, 8 P.3d 448 (Colo.2000).

Defendant argues that, under the plain error standard as articulated in *Harlan*, reversal of her conviction is required unless the court is "convinced beyond a reasonable doubt that there is no reasonable probability that [she] could have been prejudiced by the equal protection violation." However, the contention presented on appeal here does not raise an error of "constitutional dimension" that took place during trial, as in *Harlan*. Rather, it is a challenge to the constitutionality of a statutory scheme that is presumed to be constitutional, and whose unconstitutionality defendant would have to prove beyond a reasonable doubt. *See People v. Pate*, 878 P.2d 685 (Colo.1994). Such a requirement is incompatible with the "constitutional plain error" standard of review urged by defendant.

The judgment is affirmed.

Judge METZGER and Judge DAILEY concur.