The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Phillip J. ZUNIGA, Sr., Defendant–Appellant.

No. 02CA0724.

Colorado Court of Appeals, Div. V.

Oct. 23, 2003.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Phillip J. Zuniga, Sr., Pro Se.

Opinion by Judge CASEBOLT.

Defendant, Phillip J. Zuniga, Sr., appeals the order denying his motion for postconviction relief. We affirm.

In a consolidated plea agreement reached in three cases, defendant pleaded guilty to one count of theft by receiving and two counts of unlawful distribution, manufacturing, dispensing, sale, and possession of marihuana and marihuana concentrate. With respect to the latter convictions, defendant admitted that he used or displayed a gun during the commission of the offense and that he was thus subject to enhanced sentencing as a special offender pursuant to § 18–18–407, C.R.S.2002. In exchange for his guilty pleas, the People agreed to dismissal of the remaining charges, including the four habitual offender charges filed in each of the three cases. The parties agreed that the sentences imposed for the three convictions would run consecutively.

After accepting defendant's guilty plea, the trial court sentenced him to a six-year prison term for the theft by receiving conviction and a twelve-year term for each of the drug-related convictions. The trial court ordered the sentences to be served consecutively.

Defendant thereafter filed a Crim. P. 35 motion asserting that: (1) the theft by receiving charge was barred by the statute of limitations because he obtained the property ten years before the charge was filed; (2) his guilty plea was invalid because he received an inadequate providency advisement and the prosecution coerced him into pleading guilty by filing the habitual offender charges; (3) he received ineffective assistance of counsel; (4) the sentences imposed for his drug-related convictions are illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (5) those sentences are excessive and constitute an abuse of discretion by the trial court. The trial court denied the motion without appointing counsel or holding a hearing.

### I.

Defendant first asserts that his theft by receiving conviction must be vacated because the charge was filed after the statute of limitations had expired. We disagree.

Because the statute of limitations is jurisdictional in a criminal case, a violation of the statute may be raised at any time. Hence, defendant did not waive this claim by pleading guilty. *See People v. Verbrugge,* 998 P.2d 43 (Colo.App.1999).

### A.

The statute of limitations applicable to the offense of theft by receiving is three years. Section 16–5–401(1)(a), C.R.S.2002.

When an offense is based on a series of acts performed at different times, the period of limitations begins to run when the last act is committed. Section 16–5–401(4), C.R.S.2002; *People v. Chavez,* 952 P.2d 828 (Colo.App.1997); *see also People v. Flagg,* 18 P.3d 792, 794 (Colo.App.2000)(a crime "is not

committed until all the elements are complete").

■ When a crime is a continuing offense that is perpetrated over time, the crime continues, and the statute of limitations does not begin to run, as long as the illegal conduct continues. *See People v. Thoro Prods. Co.,* 70 P.3d 1188 (Colo.2003).

■ A crime will not be considered a continuing offense unless the language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that the legislature must surely have intended that it be treated as a continuing one. *People v. Thoro Prods. Co., supra.*

As pertinent here, a person commits theft by receiving when he or she "retains ... anything of value of another, knowing or believing that said thing of value has been stolen, and when he intends to deprive the lawful owner permanently of the use or benefit of the thing of value." Section 18–4–410(1), C.R.S.2002.

The General Assembly did not specifically define theft by receiving as a continuing offense as it has defined some other crimes. *See, e.g.,* § 18–2–204(1), C.R.S.2002 (defining conspiracy as a continuing course of conduct). We conclude, however, that the nature of the offense of theft by receiving is such that the General Assembly must have intended it to be a continuing course of conduct when, as here, the charge is based on the defendant's retention of stolen property.

The theft by receiving statute does not define the word "retain." The most common dictionary definition of "retain" is "to keep in possession or use." *Webster's Third New International Dictionary* 1938 (1986); *see Halverstadt v. Dep't of Corr.,* 911 P.2d 654 (Colo.App.1995)(adopting same definition of "retain" in analyzing meaning of state personnel rule); *see also People v. Thoro Prods. Co., supra,* 70 P.3d at 1194 (noting that courts frequently look "to the dictionary to ascertain the meaning of undefined words in a statute"). This definition connotes something other than mere momentary possession and is thus consistent with the generally accepted legal definition of "retain," which is

"to continue to hold, have, use ... and to keep." *Black's Law Dictionary* 1316 (6th ed.1990).

We note that possession of stolen property is not otherwise a separate offense in Colorado, and, by using the word "retain" in the theft by receiving statute, the General Assembly defined the crime to include the offense of possession of stolen property. *See People v. McCoy,* 870 P.2d 1231, 1238 n. 13 (Colo.1994); *People v. Hampton,* 758 P.2d 1344, 1355 n. 5 (Colo.1988).

■ A defendant necessarily continues to commit any crime involving possession, including the offense of possession of stolen property, during the entire period he or she possesses the property. *See Von Eichelberger v. United States,* 252 F.2d 184, 185 (9th Cir.1958)(when "the essence" of a crime, such as concealing or retaining stolen property, is possession, the offense is a continuing one); *see also State v. Lawrence,* 312 N.W.2d 251 (Minn.1981)(concealing or possessing stolen goods is a continuing offense for purposes of statute of limitations); *State v. Lodermeier,* 481 N.W.2d 614, 620–21 (S.D.1992)(under possession of stolen property statute which "incorporated" the crime of "receiving and retaining," the use of the word "retain" indicated a clear intent to make that aspect of the crime a continuing one); *cf. People v. Morgan,* 785 P.2d 1294 (Colo.1990)(defendant's alleged theft of two canoes in Colorado and his admitted possession of them on the Navajo Reservation constituted a continuing course of conduct).

Our conclusion that, by using the word "retain," the General Assembly intended to make this aspect of the crime of theft by receiving a continuing offense is supported by the fact that some federal and many other state courts have analyzed similar statutes and reached the same conclusion. *See United States v. Blizzard,* 27 F.3d 100 (4th Cir.1994)(concealing and retaining stolen government property is a continuing offense and the statute of limitations does not run during the defendant's possession of the property); *Von Eichelberger v. United States, supra, United States v. Cunningham,* 902 F.Supp. 166, 169 (N.D.Ill.1995)(posses-

sion of stolen mail is a continuing offense for purposes of the statute of limitations); *United States v. Fleetwood*, 489 F.Supp. 129 (D.Or.1980)(concealing and retaining United States savings bonds and freedom share notes constitutes a continuing offense), *disapproved on other grounds by United States v. Wyatt*, 737 F.2d 1499 (9th Cir.1984); *Scott v. State*, 69 Ark.App. 121, 10 S.W.3d 476 (2000); *State v. Temple*, 65 Haw. 261, 650 P.2d 1358 (1982)(inclusion of the term "retain" in receiving stolen property statute evinces legislative intent to make that aspect of the crime a continuing one for purposes of statute of limitations); *State v. Maidwell*, 137 Idaho 424, 50 P.3d 439 (2002); *State v. Lawrence, supra; Davis v. State*, 586 So.2d 817 (Miss.1991)(receipt of stolen property is a continuing course of conduct); *State v. Homer*, 78 Ohio App.3d 477, 605 N.E.2d 426 (1992); *State v. Harelson*, 147 Or.App. 556, 938 P.2d 763 (1997); *State v. Lodermeier, supra.*

We recognize that courts in several other jurisdictions have reached a different result, but we disagree with those cases and are satisfied that ours is the better conclusion. *See State v. Saathoff*, 29 P.3d 236 (Alaska 2001)(concluding that theft by receiving is not a continuous offense and that the word "retain" describes a defendant's actions at a particular point in time); *People v. Kimbro*, 182 Ill.App.3d 572, 131 Ill.Dec. 451, 538 N.E.2d 826 (1989); *State v. Harrison*, 561 N.W.2d 28 (Iowa 1997)(theft by exercising control over stolen property is not a continuing offense for statute of limitations purposes); *State v. Gainer*, 227 Kan. 670, 608 P.2d 968 (1980); *State v. Nuss*, 235 Neb. 107, 454 N.W.2d 482 (1990).

Here, because theft by receiving based on defendant's retention of stolen property is a continuing offense, the statute of limitations did not begin to run until defendant no longer possessed the property. Because the stolen property was seized from defendant four days before the charge was filed, the trial court correctly rejected his statute of limitations claim.

### B.

■ To the extent defendant contends either that the property was not stolen or that he did not retain it through the date alleged in the information and that there was thus no factual basis for the charge, he waived that claim when he entered his guilty plea. *See People v. Flagg, supra* (pleading guilty is the equivalent of admitting all material facts alleged in the charge, and by pleading guilty a defendant admits involvement in the crime up to and including the last date alleged in the charge); *see also People v. Sandreschi*, 849 P.2d 873 (Colo.App.1992).

### C.

We reject defendant's suggestion that he could not be charged with theft by receiving because he was the person who stole the property and could have been charged with theft if the statute of limitations on that offense had not run.

■ A defendant cannot be convicted of both theft and theft by receiving when the charges arise out of the same transaction and involve the same property. *People v. Taylor*, 647 P.2d 682 (Colo.1982); *People v. Jackson*, 627 P.2d 741 (Colo.1981). However, theft and theft by receiving are separate and distinct crimes, and the prosecution may charge the person who stole property with theft by receiving the property instead of theft. *People v. Smith*, 938 P.2d 111 (Colo.1997); *see also People v. Allen*, 21 Cal.4th 846, 89 Cal. Rptr.2d 279, 984 P.2d 486 (1999); *State v. Homer, supra.*

### II.

■ Defendant next contends that his plea is invalid because he received an inadequate providency advisement. More specifically, defendant asserts he was not advised of the elements of the special offender charges or their effect on the range of sentences that could be imposed. He also contends his advisement was deficient because the court did not tell him the special offender sentence enhancer could not apply unless a jury determined beyond a reasonable doubt that he used or displayed a weapon during the commission of the crimes. We disagree.

To satisfy the requirements of due process, the record as a whole must show that the defendant entered a guilty plea knowingly and voluntarily. *Lacy v. People,* 775 P.2d 1 (Colo.1989); *Waits v. People,* 724 P.2d 1329 (Colo.1986). A trial court may assure itself that a guilty plea is being entered in accordance with constitutional requirements by complying with Crim. P. 11(b). *People v. Leonard,* 673 P.2d 37 (Colo.1983); *People v. Weed,* 830 P.2d 1095 (Colo.App. 1991).

Here, before entering his guilty plea, defendant signed the written plea agreement and by doing so acknowledged that he understood its contents, including an admission that he was subject to enhanced sentencing as a special offender. Contrary to defendant's assertion, the written plea agreement accurately advised him of the elements of the special offender charges and indicated that by pleading guilty, he was waiving his right to a jury trial on all the charges, including the special offender sentence enhancer.

During the providency hearing, the court again advised defendant of the elements of the special offender charges and reminded him that by pleading guilty he was waiving his right to have his status as a special offender determined beyond a reasonable doubt by a jury. The court also advised defendant that he would be subject to enhanced penalties as a special offender. The record thus establishes that defendant was advised both in writing and orally by the providency court of the elements of the special offender charges and that by pleading guilty he was waiving his right to a jury determination on that issue.

It is true, as defendant contends, that the advisements erroneously indicated that, as a result of his status as a special offender, he could be sentenced to between two and twelve years for each conviction. The enhanced range was actually between eight and forty-eight years. *See* § 18–18–407(1), C.R.S.2002 (providing that a defendant who is found to be a special offender must be sentenced to at least the minimum presumptive-range sentence but not more than twice the maximum presumptive-range sentence for class two felonies). However, the sentences defendant received were within the range of sentences he was advised of and are on the low end of the range required by the special offender statute. Thus, defendant was not prejudiced by the erroneous advisements, and the fact that they understated the maximum allowable sentence does not undermine the validity of his guilty plea. *See Craig v. People,* 986 P.2d 951, 964 (Colo. 1999)(an inadequate advisement regarding mandatory parole is harmless if the period of incarceration imposed plus the parole period does not exceed the maximum prison sentence the defendant was advised he could receive); *People v. Tyus,* 776 P.2d 1143 (Colo.App.1989)(same).

Consequently, defendant was adequately advised regarding the special offender sentence enhancer.

We note that in his brief on appeal, defendant asserts that because he had used so many drugs for such a prolonged period, he is unable to understand complex concepts and the entire providency advisement was not sufficiently clear or repetitive for him to understand it. He also contends that he was taking antidepressant medications when he entered his guilty plea and that the court did not conduct a sufficient inquiry into the effect of the medication on his ability to understand his providency advisement.

However, because defendant did not raise these claims in the trial court, they are not properly before us. We therefore decline to consider them on appeal. *See People v. Lesney,* 855 P.2d 1364 (Colo.1993); *People v. Boyd,* 30 P.3d 819 (Colo.App.2001); *People v. Goldman,* 923 P.2d 374 (Colo.App.1996).

Finally, we reject defendant's claim that his plea was involuntary because the prosecution coerced him into pleading guilty by filing habitual offender charges against him. *See Smith v. People,* 162 Colo. 558, 428 P.2d 69 (1967)(threats by prosecutor to file additional charges, including habitual criminal charges, if defendant does not plead guilty, do not constitute coercion).

### III.

Defendant further contends that the postconviction court erred by rejecting his

claim that under *Apprendi v. New Jersey, supra,* his sentence is unconstitutional because the sentence enhancing factor of being a special offender was not determined beyond a reasonable doubt by a jury.

*Apprendi* does not apply retroactively to convictions, such as defendant's, that were final before that decision was announced. *See People v. Bradbury,* 68 P.3d 494 (Colo.App.2002).

## IV.

■ To the extent defendant contends the sentences imposed for his two drug-related convictions were excessive and constituted an abuse of discretion by the trial court, we agree with the postconviction court's denial of his motion in that regard.

■ A sentence constitutes an abuse of discretion only if it is manifestly arbitrary, unreasonable, or unfair. Absent a showing of a clear abuse of the court's wide discretion in sentencing, we will not reverse a trial court's sentencing decision on appeal. *People v. Hayward,* 55 P.3d 803 (Colo.App.2002); *People v. Harding,* 17 P.3d 183 (Colo.App. 2000).

■ In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. *People v. Piro,* 701 P.2d 878 (Colo.App.1985). A trial court may properly consider the defendant's criminal history and the circumstances giving rise to other charges dismissed at the time of the plea as aggravating factors. *People v. Lowery,* 642 P.2d 515 (Colo.1982); *People v. Fleming,* 3 P.3d 449 (Colo.App.1999).

Here, the sentences are on the low end of the presumptive range provided by the special offender statute. *See* § 18–1.3–401(1)(a)(V)(A), C.R.S.2002 (providing that the presumptive range of penalties for class two felonies is eight to twenty-four years); § 18–18–407(1) (a defendant designated as a special offender must be sentenced within the range for a class two felony).

Moreover, there is ample evidence in the record, including defendant's extensive criminal history, which supports the trial court's sentencing decision. Because the sentences imposed are within the range required by law, are based on appropriate considerations as reflected in the record, and are factually supported by the circumstances of the case, the postconviction court properly rejected defendant's claim that they are excessive and constitute an abuse of discretion. *See People v. Fuller,* 791 P.2d 702 (Colo.1990).

In so concluding, we reject defendant's contention that the trial court abused its discretion by imposing consecutive, rather than concurrent sentences. Defendant acknowledged both in writing and orally at the providency hearing that the imposition of consecutive sentences for separate offenses was within the discretion of the trial court, and he agreed that he would receive consecutive sentences. *See People v. Wilson,* 819 P.2d 510 (Colo.App.1991); *see also People v. Thomas,* 916 P.2d 582 (Colo.App.1995)(sentencing court has discretion to impose a sentence to be served consecutively or concurrently with a sentence already imposed).

## V.

■ In the trial court, defendant did not raise his claim that, pursuant to the compulsory joinder statute, the prosecution was required to file the two drug charges in the same information, and that if the charges had been brought in the same case, the trial court would have been required to impose concurrent, rather than consecutive sentences for those convictions under § 18–1–408, C.R.S. 2002. Therefore, we decline to address it on appeal. *See People v. Lesney, supra.*

## VI.

Defendant also contends he received ineffective assistance of counsel. Again, we disagree.

To prevail in a proceeding for postconviction relief based on a claim of ineffective assistance of counsel, the defendant must demonstrate not only that counsel's performance was deficient, but also that it prejudiced

the defense. *People v. Valdez,* 789 P.2d 406 (Colo.1990); *People v. Davis,* 849 P.2d 857 (Colo.App.1992), *aff'd,* 871 P.2d 769 (Colo. 1994).

Because there is a presumption of validity that attaches to a judgment of conviction, the burden is on the defendant to prove both elements by a preponderance of the evidence. *People v. Naranjo,* 840 P.2d 319 (Colo.1992); *People v. McClellan,* 183 Colo. 176, 515 P.2d 1127 (1973).

To satisfy the second requirement of this test, a defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Davis, supra.* Thus, defendant here was required to demonstrate that, but for counsel's alleged dereliction, he would not have pleaded guilty. *See People v. Garcia,* 815 P.2d 937 (Colo. 1991); *People v. Pozo,* 746 P.2d 523 (Colo. 1987).

### A.

Based upon our conclusion that theft by receiving is a continuing offense, the court correctly rejected defendant's claim that counsel was ineffective because he did not file a motion to dismiss that charge.

### B.

■ We also reject defendant's claim that counsel was ineffective in telling defendant he would receive a much shorter sentence than the aggregate sentence actually imposed.

■ A defense attorney's erroneous assessment of a probable sentence does not constitute ineffective assistance of counsel. *People v. DiGuglielmo,* 33 P.3d 1248 (Colo. App.2001). Thus, absent a showing of a deliberate misrepresentation that induced a defendant's guilty plea, counsel's erroneous assessment concerning sentencing does not constitute ineffective assistance of counsel. *People v. Chavez,* 902 P.2d 891 (Colo.App. 1995); *People v. Rael,* 681 P.2d 530 (Colo. App.1984); *cf. People v. Adams,* 836 P.2d 1045 (Colo.App.1991)(the duty of defense counsel is to discuss the case with complete candor and to offer the best estimate possible

as to the outcome, and competent advice of counsel does not constitute coercion sufficient to invalidate a guilty plea).

Here, defendant did not argue, and nothing in the record suggests, that counsel's alleged misrepresentation regarding the likely sentence was deliberate or designed to manipulate him into pleading guilty.

### C.

■ Defendant argues generally that counsel was ineffective because he conducted an inadequate investigation into the facts of the crime and the validity of the convictions on which the habitual offender charges were based.

However, defendant has not explained what additional investigation counsel should have done, what the results of those efforts would have been, and how they would have affected the outcome of the case. Such conclusory allegations regarding counsel's allegedly deficient performance are insufficient to demonstrate that defendant may be entitled to postconviction relief and that the record might contain specific facts that would substantiate his claim. *See People v. Chambers,* 900 P.2d 1249 (Colo.App.1994); *People v. Barefield,* 804 P.2d 1342 (Colo.App.1990); *see also People v. Rodriguez,* 914 P.2d 230 (Colo. 1996). Accordingly, the trial court correctly denied defendant's motion in that regard.

### VII.

■ Finally, because the trial court properly denied defendant's motion as a matter of law, it was not required to hold a hearing. *See People v. Thomas,* 867 P.2d 880 (Colo. 1994); *People v. Lopez,* 12 P.3d 869 (Colo. App.2000); *People v. Moriarity,* 8 P.3d 566 (Colo.App.2000). Nor was the court required to appoint counsel to represent defendant on the motion. *See Duran v. Price,* 868 P.2d 375 (Colo.1994); *Brinklow v. Riveland,* 773 P.2d 517 (Colo.1989); *People v. Lopez, supra.*

The order is affirmed.

JUDGE ROY and JUDGE PICCONE concur.