The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Santos Carlos PÉREZ, Defendant–Appellant.

No. 04CA0537.

Colorado Court of Appeals, Div. III.

Dec. 29, 2005.

John W. Suthers, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Michael O. Kelley, Fort Morgan, Colorado, for Defendant–Appellant.

Opinion by: Judge TAUBMAN.

Defendant, Santos Carlos Pérez, appeals the judgment of conviction entered after a bench trial finding him guilty of criminal impersonation. We affirm.

In February 2003, Pérez's physician reported to the police that Pérez had appeared at his office to seek treatment and to request that his records be changed to reflect his legal name, Santos Carlos Pérez, rather than the name he had given previously, Luís Antonio López Guzmán. The police went to the Department of Motor Vehicles and found that driver's licenses issued to Pérez and Guzmán were for the same person. Later that month, Pérez gave the police a number of documents under both names, including a driver's license issued on April 6, 1999, in Guzmán's name.

The prosecution filed an information charging Pérez with criminal impersonation occurring on or about February 6, 2003. After learning that Pérez had entered the United States illegally in 1996, the prosecution filed an amended information charging him with criminal impersonation occurring on or about January 1996. The People argued that, in assuming the identity of Guzmán, Pérez intended to gain benefits for himself, such as legal immigration status, a work permit, and a driver's license. After a bench trial, Pérez was found guilty of criminal impersonation. This appeal followed.

## I. Privileged Information

Pérez contends that the trial court erred in denying his motion to suppress the evidence showing that he requested his phy-

sician to change his medical records to reflect his true identity because it was privileged information pursuant to § 13–90–107(1)(d), C.R.S.2005. We disagree.

Section 13–90–107(1)(d) establishes the parameters of the physician-patient privilege. *People v. Covington,* 19 P.3d 15 (Colo.2001). The privilege provides that "[a] physician, surgeon, or registered professional ... shall not be examined without the consent of his patient as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient." Section 13–90–107(1)(d). However, patients' names, addresses, and phone numbers do not fall within the privilege because a doctor does not require them to prescribe or act on behalf of the patient. *People v. Covington, supra; Belle Bonfils Mem'l Blood Ctr. v. Dist. Court,* 763 P.2d 1003 (Colo.1988).

Here, Pérez's physician notified the police that Pérez was requesting medical services under a name different from that he had used previously. Accordingly, this information does not fall within the ambit of the physician-patient privilege, and the trial court did not err in denying Pérez's motion to suppress.

## II. Continuing Offense

■ Pérez contends that the trial court erred in finding that the crime of criminal impersonation can be a continuing offense and in allowing the prosecution to charge him with that crime as occurring on or about 1996 but rely on documents obtained after that date to achieve conviction. We disagree.

Section 18–5–113(1), C.R.S.2005, states:

A person commits criminal impersonation if he knowingly assumes a false or fictitious identity or capacity, and in such identity or capacity he: ...

(e) Does any ... act with intent to unlawfully gain a benefit for himself or another or to injure of defraud another.

■ Determining whether a specific violation of law constitutes a continuing offense is primarily a question of statutory interpretation. *Toussie v. United States,* 397 U.S. 112, 134–35, 90 S.Ct. 858, 870–71, 25 L.Ed.2d 156 (1970). A crime may be a continuing offense if the nature of the offense indicates that the legislature must assuredly have intended it be treated as one. *People v. Thoro Prods. Co.,* 70 P.3d 1188 (Colo.2003).

■ In construing a statute, courts strive to give effect to the intent of the legislature and adopt the statutory construction that best effectuates the purposes of the legislative scheme, looking first to the plain language of the statute. *Spahmer v. Gullette,* 113 P.3d 158 (Colo.2005).

■ There is a presumption against a crime being a continuing offense. *Toussie v. United States, supra; People v. Lopez,* —— P.3d ——, 2005 WL 3211641 (Colo.App. No. 03CA0241, Dec. 1, 2005). Nevertheless, at least three Colorado statutes have been held to create continuing offenses. *See People v. Thoro Products Co., supra,* 70 P.3d at 1193 n. 5 (unpermitted storage of hazardous waste is continuing offense); *People v. Lopez, supra* (failure to register as a sex offender is continuing offense); *People v. Zuniga,* 80 P.3d 965, 969 (Colo.App.2003) (theft by receiving is continuing offense when charge is based on defendant's retention of stolen property). *But see People v. Thoro Prods. Co., supra* (inclusion of term "leaking" in statutory definition of "disposal" not evidence that legislature intended for passive migration of previously spilled hazardous waste to constitute a continuing offense of unpermitted disposal of hazardous waste).

■ A crime may be considered a continuing offense if it is based on a series of acts performed at different times. *People v. Zuniga, supra.*

Here, § 18–5–113(1)(e) is silent on whether criminal impersonation constitutes a continuing offense. However, the plain language of the statute suggests it constitutes a continuing offense. We conclude that the General Assembly's use of the phrase "assumes a false or fictitious identity" in § 18–5–113(1) evinces its intent that the offense of criminal impersonation can be continuing or can occur at a specific time. Specifically, *Webster's Third New International Dictionary* 133 (1986) defines "assume" as "to invest oneself with (a form, attribute, or aspect)." This

meaning encompasses both conduct continuing for some time and conduct at a particular incident. Therefore, the plain language of § 18–5–113(1)(e) implies that the offense of criminal impersonation may occur over a period of time rather than at a specific moment.

Additionally, another jurisdiction has held that criminal impersonation is a continuing offense because it addresses an ongoing pattern of criminal behavior. *People v. Sanchez,* 84 N.Y.2d 440, 618 N.Y.S.2d 887, 643 N.E.2d 509 (1994). In *Sanchez,* the New York Court of Appeals found that the defendant had committed a continuing offense because his impersonation of an FBI agent for a period of five years constituted a pattern of criminal behavior. We agree with the analysis of this case and reach the same result.

Here, we agree with the trial court's finding that Pérez's criminal impersonation of Guzmán began in August 1997, the date the birth certificate in Guzmán's name was issued. The trial court found that the Puerto Rico birth certificate granted him the continuing benefits of United States citizenship; therefore, it concluded that Pérez's criminal impersonation of Guzmán constituted a continuing pattern of criminal behavior.

Accordingly, we conclude that Pérez's criminal impersonation of Guzmán was a continuing offense.

## III. Notice

■ Pérez contends that he was not properly notified of the charges against him because the date of the offense in the amended information (January 1996) differed from the date of the driver's license issued in Guzmán's name (April 1999), on which the prosecution relied to convict him. Pérez argues that this was reversible error because it impaired his ability to defend against the criminal impersonation charge. We disagree.

■ Generally, a variance between the information and the evidence does not mandate reversal. *People v. Adler,* 629 P.2d 569 (Colo.1981); *People v. Lopez, supra.* However, a variance between the specific date of the offense as alleged in the information and the date as proved at trial constitutes reversible error if the defendant's ability to defend against the charge is impaired. *People v. Adler, supra; People v. Lopez, supra; People v. Vasallo–Hernandez,* 939 P.2d 440 (Colo.App.1995). We find no such impairment here.

■ A defendant has sufficient information to present a defense if the prosecution provides him or her with a complaint, information, and substantial discovery related to the theory upon which the prosecution intends to rely. *People v. Lawrence,* 55 P.3d 155 (Colo.App.2001), *abrogated on other grounds by Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Pérez argued in his motion for a bill of particulars that he did not have adequate notice of the incidents upon which the prosecution intended to rely. The trial court denied the motion based on the People's response to the motion and the discovery provided to Pérez, which included the information about his obtaining a driver's license using Guzmán's name. The trial court rejected Pérez's similar argument based on lack of notice in denying his motion for judgment of acquittal.

Here, the prosecution's amended information charged Pérez with criminal impersonation occurring on or about January 1996. Before trial, the prosecution provided Pérez with discovery in the form of reports, copies of exhibits, and witnesses names. A copy of the 1999 driver's license was included in the discovery along with the names of the three police officers who received the license from Pérez. Before trial, Pérez attempted to suppress evidence of his obtaining the 1999 driver's license under an assumed name.

At trial, the prosecution relied on the fact that Pérez acquired a driver's license in Guzmán's name on April 6, 1999, to prove criminal impersonation. Pérez did not object to the prosecution's introduction of the license as evidence, nor did he object to testimony from the police officers regarding the license.

Further, although Pérez argues there was a three-year variance between the date in the amended information and the date of the driver's license with the assumed name, the trial court found that Pérez's criminal imper-

sonation began as early as August 1997, the date the birth certificate in Guzmán's name was issued. We recognize that the twenty-month variance in dates here is much longer than the two-day variance in *Vasallo–Hernandez* and the four-week variance in *Lopez.* We also observe that it is the better practice for the prosecution to give a defendant notice of conduct on the specific dates on which it intends to rely. *See People v. Lopez, supra.* However, we conclude that under the particular circumstances of this case, Pérez's ability to defend against the criminal impersonation charge was not impaired because he was aware of the prosecution's intent to present the license at trial, and he did not object to use of it at trial.

Moreover, Pérez has not articulated how he was prejudiced by the variance. He does not argue that he had a particular defense to the evidence of his obtaining the 1999 driver's license under an assumed name, which he would have presented but for the 1996 date in the amended information. Accordingly, Pérez's ability to defend against the criminal impersonation charge was not unfairly impaired, and the variance did not constitute reversible error.

### IV. Venue

■ Pérez contends that the trial court erred in denying his motion for judgment of acquittal because his driver's license did not constitute proof of venue. We disagree.

■ Any challenge to venue must be made by motion in writing no later than twenty days after arraignment, except for good cause shown. Section 18–1–202(11), C.R.S.2005; *People v. Burgess,* 946 P.2d 565 (Colo.App.1997). Furthermore, proof of venue is not an element of any offense, and venue need not be proved by the prosecution unless required by the statute defining the offense. *People v. Burgess, supra.* Venue is not an element of the crime of criminal impersonation. Section 18–5–113, C.R.S.2005.

Here, Pérez did not file a motion challenging venue within twenty days of the date of

his arraignment. Moreover, the crime of criminal impersonation does not contain a venue element. Accordingly, the trial court properly denied his motion for judgment of acquittal based on improper venue.

The judgment is affirmed.

Judge CASEBOLT and Justice KIRSHBAUM * concur.