The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
July 9, 2020

## 2020COA105

**No. 19CA0394, *Macintosh v. Arapahoe County Court* — Persons
Required to Report Child Abuse or Neglect; Courts and Court
Procedure — Limitation of Actions**

A division of the court of appeals considers whether Colorado's

failure-to-report provision, § 19-3-304(4), C.R.S. 2019 — which

subjects mandatory reporters to prosecution for a class 3

misdemeanor if they fail to "immediately report" known or

suspected child abuse or neglect — creates a so-called "continuing

offense" for purposes of the statute of limitations. A continuing

offense is a special category of offense; for such an offense, the

statute of limitations does not begin to run as long as the illegal

conduct is continuing. Applying Colorado Supreme Court

precedent, the division concludes that failure to report is not a

continuing offense, and that the statute of limitations for violation

of the provision starts to run when a mandatory reporter has reason to know or suspect child abuse or neglect but fails to make an immediate report. Section 19-3-304(4) defines a discrete act with a measurable unit; the word "immediately" indicates the starting point as the moment when the reporter learns information that triggers the reporting obligation, and the statute of limitations expiration date defines the endpoint of the measurable unit. Given that the failure to report offense can be measured in definite and discrete units, it is not one that continues.

Because failure to report is not a continuing offense, the Arapahoe County Court and the Honorable Judge Cheryl Rowles-Stokes erred in permitting the plaintiff, Adrienne MacIntosh, to be indicted on a charge of failure to report after the limitations period had expired.

Court of Appeals No. 19CA0394
Arapahoe County District Court No. 18CV31607
Honorable Stephen J. Schapanski, Judge

Adrienne MacIntosh,

Plaintiff-Appellee,

v.

County Court of Arapahoe and Honorable Cheryl Rowles-Stokes, Judge,

Defendants-Appellants.

ORDER AFFIRMED

Division A
Opinion by JUDGE TERRY
Tow and Yun, JJ., concur

Announced July 9, 2020

Stimson Stancil LaBranche Hubbard, LLC, Marci G. LaBranche, Denver, Colorado; Ridley, McGreevy & Winocur P.C., Shanelle Kindel, Denver, Colorado, for Plaintiff-Appellee

Philip J. Weiser, Attorney General, Emily Buckley, Assistant Attorney General, Michael Kotlarczyk, Assistant Attorney General, Denver, Colorado, for Defendants-Appellants

¶ 1   This case highlights the tension between the statutory duty of a mandatory reporter to report child abuse and neglect, on the one hand, and the statute of limitations for the offense of failure to do so, on the other hand.

¶ 2   State law requires that certain individuals, known as mandatory reporters, "who [have] reasonable cause to know or suspect that a child has been subjected to abuse or neglect . . . shall immediately" report that knowledge.  § 19-3-304(1)(a), C.R.S. 2019 (mandatory reporter provision).  Any mandatory reporter who willfully violates that reporting obligation commits a class 3 misdemeanor.  § 19-3-304(4) (failure-to-report provision).

¶ 3   In this C.R.C.P. 106(a)(4) action, we must determine, as a matter of first impression, whether the failure-to-report provision creates a continuing offense.  We conclude that the failure to report under section 19-3-304 is not a continuing offense, and that the statute of limitations starts to run when a mandatory reporter has reason to know or suspect child abuse or neglect but fails to make an immediate report.  In so holding, we also conclude that

1

defendants, the County Court of Arapahoe County and the Honorable Judge Cheryl Rowles-Stokes (collectively, the County Court), erred by permitting plaintiff, Adrienne MacIntosh, to be indicted on a charge of failure to report after the limitations period had expired.

¶ 4     While we recognize the necessity for, and importance of, reporting instances of child abuse, we must affirm the district court's order, which directed the County Court to dismiss the case.

## I.     Background

¶ 5     The prosecution made the following accusations against MacIntosh.

¶ 6     In April 2013, C.V., a female student at Prairie Middle School, told another student that she had been in a sexual relationship with a male teacher, Brian Vasquez, when she was fourteen.  That allegation was relayed by an unknown person to MacIntosh, a dean at the middle school.  Because of her position as dean, MacIntosh was a mandatory reporter under section 19-3-304(2)(*l*).  MacIntosh met with C.V. to discuss the allegation.  During that conversation,

MacIntosh told C.V. to reconsider her accusation in light of the consequences it could have for Vasquez. After C.V. retracted her claim, MacIntosh did not report C.V.'s sexual assault allegation, as required by the mandatory reporter provision.

¶ 7 In August 2017, police investigated Vasquez regarding allegations of sexual abuse pertaining to another student. During a police interview, Vasquez confessed to having sexually abused students, including C.V., since 2013.

¶ 8 Following the investigation into Vasquez, C.V.'s 2013 allegation took on new significance. After C.V. testified before a grand jury, MacIntosh was indicted on one count of failure to report in January 2018. MacIntosh moved to dismiss the indictment, arguing that the statute of limitations had expired. The prosecution disagreed, asserting that failure to report is a continuing offense and that the statute of limitations had not yet expired.

¶ 9 The County Court denied MacIntosh's motion, ruling that failure to report is a continuing offense. MacIntosh filed an action pursuant to C.R.C.P. 106, asking the district court to order the

County Court to dismiss the charges. The district court entered a detailed and well-reasoned order, concluding that failure to report was not a continuing offense and ordering the County Court to dismiss the case. According to the district court, the County Court's interpretation of the statute of limitations would "make[] the time to prosecute this Class 3 misdemeanor equivalent [to that] of serious felonies with no statute of limitations" and would "eviscerate the purpose of statutes of limitations." The County Court now appeals from the district court's order.

## II. Analysis

¶ 10 The County Court contends that MacIntosh's prosecution for failure to report child abuse or neglect is not barred by the applicable statute of limitations because it is a continuing offense. In light of our supreme court's recent decision in *Allman v. People*, 2019 CO 78, we disagree.

## A. Jurisdiction

¶ 11 Our jurisdiction to decide this appeal derives from C.R.C.P. 106(a)(4), which provides in pertinent part:

4

> Where any . . . lower judicial body exercising judicial . . . functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law:
>
> (I) Review shall be limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer.

¶ 12    An original proceeding under C.R.C.P. 106 is a proper avenue for challenging a county court's jurisdiction to proceed on criminal charges. *See Huang v. Cty. Court*, 98 P.3d 924, 927 (Colo. App. 2004). This is in contrast to an appeal challenging a county court conviction or seeking review of the county court's rulings during the course of a criminal case properly before the county court. Those proceedings must be pursued through an appeal to the district court. *See* § 13-6-310, C.R.S. 2019; Crim. P. 37. If this were such an appeal, we would lack jurisdiction, as further review of the district court's decision in an appeal from the county court is solely via a petition for certiorari to the supreme court. § 13-4-102(1)(f), C.R.S. 2019; Crim. P. 37(h). But appellate review of the district

5

court's decision in a Rule 106 action is within this court's purview. § 13-4-102(1); *see also Huang*, 98 P.3d at 927.

## B.    Standards of Review

¶ 13    In a Rule 106(a)(4) proceeding, the district court's review is limited to determining whether the lower judicial body exceeded its jurisdiction or abused its discretion. *Walker v. Arries*, 908 P.2d 1180, 1182 (Colo. App. 1995). A court may abuse its discretion under C.R.C.P. 106(a)(4) by misconstruing or misapplying the law. *Roalstad v. City of Lafayette*, 2015 COA 146, ¶ 13. Because we are in the same position as the district court, we review the issues presented to the district court de novo. *Id.*

¶ 14    Whether the County Court abused its discretion turns on the interpretation of a statute. We review questions of statutory interpretation de novo. *People v. Diaz*, 2015 CO 28, ¶ 9.

¶ 15    Determining whether an offense is a continuing offense is a question of statutory interpretation. *People v. Perez*, 129 P.3d 1090, 1092 (Colo. App. 2005). In construing a statute, our primary purpose is to ascertain and give effect to the legislature's intent.

*McCoy v. People*, 2019 CO 44, ¶ 37. To do this, we first look to the language of the statute, seeking to give its words and phrases their plain and ordinary meanings. *Id.* In doing so, we consider "the statute as a whole, construing each provision consistently and in harmony with the overall statutory design." *Whitaker v. People*, 48 P.3d 555, 558 (Colo. 2002).

¶ 16    If a statute is clear and unambiguous, we need look no further than the plain language to determine the statute's meaning. *Id.*

C.    The Limitations Period for Failure to Report

¶ 17    In 2018, when MacIntosh was charged with failure to report under section 19-3-304, the statute of limitations was eighteen months. § 19-3-304(4)(a), C.R.S. 2018; *see* § 16-5-401(1)(a), C.R.S. 2018. Though in 2019 the legislature extended the statute of limitations to three years on a mandatory reporter's failure to report known or suspected "unlawful sexual behavior" involving a child, § 19-3-304(5); *see* Ch. 56, sec. 1, § 19-3-304, 2019 Colo. Sess. Laws 195, it did not amend the statute to explicitly make the offense a continuing offense.

7

## D. Discussion

### 1. Statutes of Limitation and Continuing Offenses

¶ 18    "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." *Toussie v. United States*, 397 U.S. 112, 114 (1970). Such limitations protect individuals from having to defend themselves against charges when the passage of time has obscured the evidence. *Id.* These limitations also minimize the danger of punishment "because of acts in the far-distant past." *Id.* Because of these principles, criminal statutes of limitation must be liberally construed in favor of repose, *id.* at 115 — in other words, in favor of defendants.

¶ 19    Statutes of limitation normally begin to run once a crime is complete. *Id.* But in certain circumstances, "a crime continues beyond the first moment when all its substantive elements are satisfied." *People v. Thoro Prods. Co.*, 70 P.3d 1188, 1192 (Colo. 2003). Such crimes are known as continuing offenses. *Id.* If an

offense is a continuing offense, the statute of limitations does not begin to run as long as the illegal conduct is continuing. *Id.* at 1193.

¶ 20 To determine whether a crime is a continuing one, Colorado follows the two-part test recognized by the United States Supreme Court in *Toussie.* *Allman,* ¶ 12; *Thoro Prods. Co.,* 70 P.3d at 1193. Under this test, a crime is deemed continuing when (1) "the explicit language of the substantive criminal statute compels such a conclusion" or (2) "the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one." *Allman,* ¶ 12 (quoting *Toussie,* 397 U.S. at 115).

¶ 21 Because of the tension between the reasons for definite statutes of limitation and the continuing offenses doctrine, the doctrine should be applied only in limited circumstances. *Thoro Prods. Co.,* 70 P.3d at 1193.

¶ 22 As our supreme court said in *Thoro Products*, if the General Assembly had intended to designate a particular crime as a continuing offense, it could have done so through language

"unmistakably communicat[ing] this intent." *Id.* But the General Assembly did not designate failure to report as a continuing offense, and so *Thoro Products* would then have us consider whether the legislature "must assuredly have intended that it be treated as a continuing one." *Id.* (quoting *Toussie,* 397 U.S. at 115).

¶ 23    Our supreme court in *Allman* has given guidance pertinent to this issue. *See Allman,* ¶¶ 15-19 (looking first to the plain language of the statute, and then determining whether the charged conduct is a "discrete act that logically creates a unit of measurement," and concluding that identity theft by use under section 18-5-902(1)(a), C.R.S. 2019, is not a continuing offense). We turn to this guidance from *Allman* to help determine whether the legislature intended failure to report under section 19-3-304(4) to be treated as a continuing offense.

2.    The Failure-to-Report Provision Does Not Create a Continuing Offense

¶ 24    The County Court asserts that failure to report is a continuing offense and that the statute of limitations does not begin to run until a report is made or law enforcement discovers that a report

10

was not made. Applying *Allman*, we conclude that under section 19-3-304(1)(a), failure to report is not a continuing offense.

¶ 25   The operative phrase of the mandatory reporter provision is "shall *immediately* . . . report or cause a report to be made." § 19-3-304(1)(a) (emphasis added). The plain meaning of that phrase is that, as soon as a mandatory reporter has reasonable cause to know of or suspect child abuse or neglect, the reporter must immediately report that knowledge. *But see Gonzales v. Arapahoe County Court*, 2020 COA 104, ¶ 5 (stating that the plain language of § 19-3-304(1)(a) does not "unambiguously [or] inexorably" compel this conclusion). And the offense of failure to report is completed as soon as a reporter fails to report that information.

¶ 26   The supreme court's reasoning in *Allman* supports our conclusion. In *Allman*, the supreme court held that the use of personal information to commit identity theft is not a continuing offense. *Allman*, ¶¶ 16-18. It reached this conclusion because, under the plain language of the identity theft statute, each "use" of personal information is a discrete act, not a continuing one. *Id.* at ¶

11

18; *see also* § 18-5-902(1)(a) ("A person commits identity theft if he or she . . . [k]nowingly uses [personal or financial information] of another without permission . . . .").

¶ 27    The court contrasted the crime of identity theft by use with that of identity theft by possession:

> Identity theft by possession . . . is defined similarly to identity theft by use . . . except that it requires only the *possession* of another's identifying or financial information with the intent to use, rather than the actual *use* of that information.  Crimes of possession are generally thought to be continuing offenses.  *People v. Zuniga,* 80 P.3d 965, 969 (Colo. App. 2003).  *This makes sense because there is not an inherently logical way to measure possession in units — whereas "use" is a discrete act that logically creates a unit of measurement, possession is a continuous act.*

*Allman,* ¶ 19 (third emphasis added) (footnote and citation omitted).

¶ 28    We read *Allman* to mean that a criminal offense is not "continuing" if that offense is composed of "a discrete act that logically creates a unit of measurement." *Id.*  As the court indicated, measurable, discrete acts, by their very nature, do not continue.  *Id.*

12

¶ 29    Section 19-3-304, through its use of the word "immediately," creates a discrete act with a measurable unit.  The word "immediately" indicates that the starting point is the moment when the reporter learns information that triggers the reporting obligation, and the statute of limitations expiration date defines the endpoint.  § 19-3-304(1)(a).  Thus, because the offense of failure to report can logically be measured in definite and discrete units, the offense is not one that continues.  *Allman*, ¶ 19.

¶ 30    We reject the County Court's argument that, by using the word "has" in section 19-3-304, the legislature intended to create a crime of possession.  *See* § 19-3-304(1)(a) ("any [mandatory reporter] who *has* reasonable cause") (emphasis added); *see also Zuniga*, 80 P.3d at 969 (holding that the legislature's use of the word "retains" in a theft by receiving statute created a continuing offense).  According to the County Court, as a crime of possession, the failure to report must be a crime that continues because the act of possession is ongoing.  *See Allman*, ¶ 19 ("Crimes of possession are generally thought to be continuing offenses.").  We disagree

13

because the word "immediately" in subsection (1)(a) starts the clock running on a measurable period for purposes of the statute of limitations.

¶ 31 We are also unpersuaded by the County Court's citation to out-of-state case law to support its assertion that failure to report is a continuing offense. Those cases conflict with binding Colorado precedent as reflected in *Allman,* and we decline to follow them. We also note that the language of section 19-3-304 differs from the statutory language at issue in those cases.

¶ 32 Pressing further, the County Court asserts that MacIntosh's interpretation of section 19-3-304 leads to an absurd result. *See State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000) (statutes must be interpreted to avoid absurd results). According to the County Court, under an interpretation where the offense of failure to report is complete when a mandatory reporter fails to make an immediate report, "the [statute] imposes no duty on [the] mandatory reporter to report abuse after he or she *first learns* of the abuse and fails to make an immediate report." (Emphasis

added.)  But this reading is not supported by the statute, and we decline to read additional words into it.

¶ 33     In sum, we conclude that failure to report is not a continuing offense.  Therefore, we also conclude that the County Court abused its discretion by ruling that the statute of limitations did not prevent MacIntosh from being prosecuted for that offense. *Roalstad*, ¶ 13 (a court abuses its discretion under C.R.C.P. 106(a)(4) by misconstruing or misapplying the law).

¶ 34     MacIntosh was accused of failing to report C.V.'s alleged abuse beginning in April 2013.  Therefore, the eighteen-month statute of limitations expired in October 2014.  However, she was not indicted for failure to report until January 2018.  Because the indictment occurred more than three years after the statute of limitations expired, the County Court lacked jurisdiction to allow the prosecution of MacIntosh to proceed.

### III.   Conclusion

¶ 35     The district court's order is affirmed.

JUDGE TOW and JUDGE YUN concur.

15