The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Sergio SANDRESCHI, Defendant–Appellant.

No. 91CA1281.

Colorado Court of Appeals, Div. IV.

Nov. 5, 1992.

Rehearing Denied Dec. 17, 1992.

Certiorari Denied April 12, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David K. Rees, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeralyn E. Merritt, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Sergio Sandreschi, appeals the denial of a motion for post-conviction relief following his entry of a plea of guilty to the charge of conspiracy to distribute cocaine. We affirm.

On October 15, 1987, defendant was charged in the district court with 18 controlled substance violations. One count alleged that defendant had conspired to distribute cocaine in Jefferson County on or before October 9, 1987; three other counts also charged him with conspiracy to distribute cocaine in Jefferson County on or before October 9, 1987, with the only difference between the counts being the identity of the co-conspirators. Additionally, defendant was charged with importation of cocaine into the State of Colorado on or before October 9, 1987, in violation of § 18–18–107, C.R.S. (1986 Repl.Vol. 8B), the special offender statute.

While the state action was pending, on March 30, 1988, defendant was charged in the United States District Court in Arizona with various offenses including: possession with intent to distribute five kilograms or more of cocaine, conspiracy to possess cocaine with intent to distribute, and conspiracy to import five kilograms or more of cocaine into the United States from Brazil. On July 25, 1988, pursuant to a plea agreement, defendant tendered pleas of guilty to possession with intent to distribute five kilograms or more of cocaine and conspiracy to import five kilograms or more of cocaine. Defendant was sentenced on these counts to concurrent 10–year terms.

Thereafter, defendant filed a motion to dismiss the state charges. Citing § 18–1–303, C.R.S. (1986 Repl.Vol. 8B), the Fifth Amendment, and Colo. Const. art. II, § 18, he alleged that his prosecution in the federal court for the same conduct underlying the charges in the present case barred his prosecution in state court.

On August 31, 1989, the trial court denied the motion and defendant then pled guilty to one count and received a 20–year sentence, to be served concurrently with the federal sentence.

On May 13, 1991, defendant filed a motion to vacate illegal sentence pursuant to Crim.P. 35(c). He asserted arguments identical to those he had advanced in his motion to dismiss. The trial court denied defendant's motion, holding that defendant had waived any such defenses by entering a guilty plea.

Defendant contends the trial court erred in concluding that, by entering a plea of guilty, he waived any post-conviction arguments premised on constitutional protections or on § 18–1–303. The People respond that defendant's guilty plea, entered after the denial of his motion to dismiss, bars any collateral attack on his conviction premised on § 18–1–303. We agree with the People.

■ Both the Fifth Amendment and Colo. Const. art. II, § 18, prohibit placing an accused twice in jeopardy for the same offense. Under federal law, however, the dual sovereignty doctrine allows federal and state governments, as separate sovereigns, to prosecute a person for the same offense without violating the double jeopardy prohibition of the Constitution. *People v. Morgan,* 785 P.2d 1294 (Colo.1990).

■ The thrust of defendant's argument is based on § 18–1–303 which provides:

(1) If conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States, or another state, or of a municipality, a prosecution in any other of these jurisdictions is a bar to a subsequent prosecution in this state under either of the following circumstances:

(a) The first prosecution resulted in a conviction or an acquittal as defined in section 18–1–301(1)(a) and (1)(c), and the subsequent prosecution is based on the same conduct, . . . .

The statute provides greater protection than the Double Jeopardy Clause by negating the dual sovereignty doctrine. *People v. Morgan, supra.*

■ However, if the state is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty. *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

■ Defendant argues that § 18–1–303 is jurisdictional in nature and, as such, bars the state from "haling him into court." Thus, he contends, § 18–1–303 falls within the *Menna* exception and cannot be waived. We are not persuaded.

The United States Supreme Court in *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) held that a guilty plea could bar a subsequent double jeopardy challenge. Likewise, in *Chatfield v. Colorado Court of Appeals,* 775 P.2d 1168 (Colo.1989), our supreme court determined that § 18–1–303 is not jurisdictional in nature but provides a complete defense to a subsequent state prosecution within provisions of the statute.

■ A guilty plea is more than a confession which admits that the accused did various acts. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). By entering a guilty plea, an accused is not merely admitting that he performed the discrete acts described in the charge; he is admitting guilt of a substantive crime. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Therefore, a voluntary and intelligent plea of guilty made by an accused, who has been advised by competent counsel, may not be collaterally attacked. *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

■ A voluntary guilty plea waives all non-jurisdictional defenses. *U.S. v. Davis,*

**876**

900 F.2d 1524 (10th Cir.1990), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990). Therefore, under Colorado law a defendant may waive the protections of § 18–1–303 with a voluntary and knowing plea of guilty. Such is the case here.

Defendant also relies on the double jeopardy analysis articulated in *Menna, supra,* and in *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), in support of his contention that the trial court erred in concluding that he had waived any claim under § 18–1–303. This reliance is misplaced.

In *Menna* and *Blackledge,* the Court found that by entering pleas of guilty the defendants had not waived a collateral attack based on the double jeopardy clause. However, in both *Menna* and *Blackledge,* the same sovereign had brought subsequent identical charges against the defendant, in clear constitutional violation of the states' powers to prosecute.

Here, defendant's initial guilty pleas were entered in federal court to various counts of a federal superseding indictment. The guilty plea forming the basis of this appeal was entered in state court to a count of a state complaint and information.

Thus, in essence, defendant is not relying upon a constitutional right; instead, he rests his fate upon a statutory enactment. Because that enactment, § 18–1–303, is not jurisdictional, a defendant may waive the protections it provides by knowingly and voluntarily pleading guilty. *United States v. Davis, supra.*

The record demonstrates that defendant made a voluntary and knowing waiver of all rights and defenses when he entered his plea of guilty after the trial court had denied his motion to dismiss. Therefore, we conclude the trial court did not err in denying defendant's Crim.P. 35(c) motion.

Order affirmed.

TURSI and PLANK, JJ., concur.