The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James M. CARROLL, Defendant–Appellant.

No. 94CA1777.

Colorado Court of Appeals, Div. IV.

June 27, 1996.

Rehearing Denied Aug. 1, 1996.

Certiorari Denied July 14, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Clement P. Engle, Senior Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, James Grimaldi, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, James M. Carroll, appeals from the district court's order denying his motion pursuant to Crim. P. 35(c) in which he alleged that the court erred in denying his earlier motion to dismiss a theft charge brought against him. The motion to dismiss was based on the People's failure to bring the defendant to trial within the limitation period outlined in the Interstate Agreement on Detainers (IAD), § 24–60–501, C.R.S. (1988 Repl.Vol. 10B). We affirm.

In June 1992, defendant was charged in El Paso County with one count of felony theft. After the date upon which this offense allegedly occurred but before he was arrested, defendant left the state and returned to Texas where he was arrested and incarcerated for an auto theft committed before he came to Colorado. In April 1993, a detainer was filed against him by El Paso County officials.

Defendant subsequently made a demand for speedy disposition of the detainer pursuant to the provisions of the IAD, and on July 13, 1993, Texas prison officials forwarded the necessary paperwork to El Paso County in order to complete defendant's demand for speedy disposition of the detainer. However, defendant's request and accompanying Texas paperwork were sent to the El Paso County District Court and the El Paso County Sheriff's Department, rather than the court and the prosecuting officer as required by article III of the IAD. Nothing was sent to the El Paso County District Attorney.

An extradition specialist in the Sheriff's office received the Texas forms. She testified that she was not familiar with the terms of the IAD, did not know what the forms were for, and, therefore, put the paperwork into a file and did not take any action on the defendant's request. One of the three Texas forms sent to the Sheriff's office contained the following language:

If jurisdiction over this matter is properly in another agency, court or office, please designate the proper agency, court or officer and return this form to the sender.

In late October 1993, an extradition specialist in the El Paso County District Attorney's office received information about defendant's case from the trial court indicating that there could be a detainer issue outstanding. This prompted the extradition specialist to look into the matter, and she ultimately discovered the Texas paperwork in the court file on November 18, 1993. Subsequently, she initiated the paperwork necessary to have the defendant brought from Texas to Colorado for the disposition of the outstanding detainer.

A preliminary hearing was initially set for December 31, 1993. On that date the preliminary hearing was waived, and a trial date was set for February 28, 1994. At the time the trial date was set, defense counsel, who had been appointed to represent defendant one week earlier, noted that there might be an IAD speedy trial issue in the case. She told the court she would need to do some research to determine whether such an issue existed.

On January 31, 1994, defendant, through counsel, filed a motion to dismiss based on the People's failure to bring him to trial within the limitation period outlined in the IAD. He argued that he had fully complied with the provisions of the Act by delivering the appropriate paperwork to the court and the sheriff's office on July 13, 1993.

It was defendant's position that the prosecuting officer within the meaning of the IAD is the person or agency who lodges the de-

tainer. In this case that agency was the El Paso County Sheriff's Department. Hence, according to defendant, the People's failure to bring him to trial by January 9, 1994, 180 days after the paperwork was received in El Paso County, was a violation of the terms of the IAD and required dismissal of the theft charge against him.

The trial court disagreed. Concluding that strict compliance with the provisions of the IAD was required, the court ruled that delivery of the paperwork to the sheriff's office as opposed to the district attorney's office was insufficient to trigger the protections of the Act. Accordingly, the motion was denied.

In March 1994, defendant entered a plea of guilty to theft. In August 1994, he then moved to vacate the judgment of conviction asserting, *inter alia*, that his conviction by guilty plea did not waive his argument that the speedy trial provision of the IAD was violated and that the trial court lacked jurisdiction to enter a judgment of conviction. The prosecution stood on the court's prior ruling and information submitted previously. The trial court considered the argument and denied the motion stating that the sheriff was not a prosecuting officer.

Defendant contends the court erred in denying his motion to dismiss. However, the People assert that defendant waived any IAD claim by pleading guilty. We agree with the People.

The IAD, which governs interstate detainer cases, was enacted in order to "encourage the expeditious and orderly disposition of [untried] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." Section 24–60–501(I), C.R.S. (1988 Repl.Vol. 10B).

Article III of the IAD provides procedures by which a prisoner confined in a correctional facility other than in Colorado must be promptly informed of the source and content of any detainer lodged against him. The prisoner must also be informed of his right to request final disposition of the charges on which the detainer is based. Section 24–60–501(III)(c), C.R.S. (1988 Repl.Vol. 10B). If a prisoner does make a request for final disposition of the charges, he must be brought to trial within 180 days unless a continuance is granted for good cause shown. Section 24–60–501(III)(a), C.R.S. (1988 Repl. Vol. 10B).

 A voluntary guilty plea waives all non-jurisdictional defenses. *People v. Sandreschi*, 849 P.2d 873 (Colo.App.1992) (protections of statute barring subsequent prosecution waived by guilty plea entered after denial of motion to dismiss). As noted in *People v. Moody*, 676 P.2d 691 (Colo.1984), IAD rights are non-jurisdictional and can be waived. Thus, by pleading guilty, a defendant can waive his rights under the IAD.

 We first reject defendant's argument that because the People did not raise the assertion of waiver before the trial court, they are precluded from raising the issue on appeal.

Even if we assume the issue of waiver must be raised before the trial court, here, that did occur. Defendant, in his motion to vacate judgment of conviction filed pursuant to Crim. P. 35(c)(2)(III), admitted that in March 1994 he entered a guilty plea and was sentenced. In that motion he specifically asserted, *inter alia*, that his conviction by guilty plea did not waive his argument that the speedy trial provision of the IAD was violated. In support, defendant cited *People v. Mueller*, 851 P.2d 211 (Colo.App.1992).

At the hearing on defendant's motion, the prosecution stated that it stood on the trial court's ruling and the information that had been previously submitted to the court, and that any reconsideration was inappropriate. The trial court considered the argument, stated that the sheriff was not a prosecuting officer, and denied the motion.

Although the prosecution did not specifically assert before the trial court that defendant waived any IAD claim by pleading guilty, the issue was before the trial court. There is also no statement by the prosecution that it was waiving this argument. Nor is there any indication in the record that the prosecution acquiesced in or withdrew any objection to defendant's position on this issue. *See People v. Hearty*, 644 P.2d 302 (Colo.1982).

Under these circumstances, we conclude the People are not precluded from raising this issue on appeal. *See Moland v. People,* 757 P.2d 137 (Colo.1988) (although prosecution lost right to argue issue of present need at first hearing, the issue was considered on certiorari review when trial court introduced it at its own instance before the second hearing).

Nor does *People v. Mueller, supra,* upon which defendant relies, preclude such a waiver here. Defendant in *Mueller* requested final disposition of detainers filed pursuant to the Uniform Mandatory Disposition of Detainers Act, § 16–14–102, C.R.S. (1986 Repl. Vol. 8A) (UMDDA). Referring to the specific language of the UMDDA in which it is stated that, if a case is not brought to trial within the speedy trial period, "no court of this state shall any longer have jurisdiction," a division of this court held that the statute specifically divests the trial court of jurisdiction. Thus, any action taken by the trial court when it lacked jurisdiction, including acceptance of a guilty plea, was a nullity.

The IAD, however, does not contain similar jurisdictional limitations, *see People v. Moody, supra,* and the trial court has jurisdiction to accept a guilty plea.

█ Nor is such a waiver precluded by the fact that defendant here moved to dismiss prior to entering his guilty plea.

Defendant has not provided a transcript of the hearing during which his plea was entered. Nor does he contend that his plea was not voluntary. *See People v. Sandreschi, supra; People v. Allen,* 744 P.2d 73 (Colo.1987) (since the rights created by the IAD are statutory, rather than constitutional, waiver of those rights must be voluntary, but need not be knowing and intelligent). Hence, no limitation on the effect of the guilty plea is apparent in the record.

*People v. Allen, supra,* upon which defendant also relies, does not require a different result. There, the supreme court stated that a defendant must either expressly waive his statutory right to a speedy trial or else affirmative conduct evidencing such a waiver must be shown. However, the supreme court also stated that other affirmative re-

quests for treatment inconsistent with the IAD can also result in waiver. And, in *Allen,* defendant had not entered a guilty plea.

Under these circumstances, we conclude that, by pleading guilty, defendant waived his claim of a violation of the provisions of the IAD. *See People v. Sandreschi, supra.*

Because of our disposition, we do not address the parties' remaining contentions.

The order is affirmed.

BRIGGS and KAPELKE, JJ., concur.