FILED
United States Court of Appeals
Tenth Circuit

January 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM L. GLADNEY

      Petitioner-Appellant,

v.

MR. COPENHAVEN, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 12-1367
(D.C. No. 1:11-CV-02745-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

      Appellant William Gladney, currently in the custody of the United States Bureau

of Prisons, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking

to challenge a first-degree murder conviction he received in the State of Colorado. The

district court denied Gladney's petition, concluding that Gladney's claims were

procedurally barred. Gladney now seeks a certificate of appealability (COA) in order to

challenge the district court's dismissal of his habeas petition. Because Gladney has failed

to satisfy the standards for the issuance of a COA, we deny his request and dismiss the

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

matter. We also deny his request to proceed in forma pauperis on appeal.

I

In 2004, Gladney, who was involved in dealing crack cocaine out of a motel in Adams County, Colorado, shot and killed one of his customers, an individual named Marlow Earl Johnson. Gladney's criminal activities resulted in both federal and state prosecutions.

In February 2007, a federal jury in the District of Colorado convicted Gladney of violating the Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to distribute crack cocaine, and using a firearm during and in relation to a drug-trafficking crime. As part of its verdict, the federal jury specifically found that Gladney committed seven acts of racketeering, one of which was the murder of Johnson. Gladney was sentenced in connection with those convictions to a term of imprisonment of life plus ten years. See United States v. Hutchinson, 573 F.3d 1011, 1032-37 (10th Cir. 2009) (affirming Gladney's convictions).

Gladney was also charged in Adams County District Court with the first-degree murder of Johnson. In January 2008, Gladney was convicted by a jury of that charge and sentenced to a term of life imprisonment without the possibility of parole, to run consecutively to Gladney's federal sentence. The Colorado Court of Appeals affirmed Gladney's conviction on direct appeal. People v. Gladney, 250 P.3d 762, 770 (Colo. App. 2010). The Colorado Supreme Court subsequently denied Gladney's petition for writ of certiorari.

Gladney initiated these federal habeas proceedings on October 21, 2011. Gladney subsequently filed a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and two amended applications. Gladney's second and final amended application asserted two claims for relief: (1) that his conviction for first-degree murder in Colorado state court violated the Double Jeopardy Clause; and (2) that the state trial court violated his due process rights by admitting evidence of his involvement in drug dealing as res gestae.

Respondents filed a pre-answer response asserting that the two claims asserted by Gladney were unexhausted and procedurally barred for purposes of federal habeas review. The district court agreed with respondents and issued an order of dismissal on August 27, 2012. The district court also ordered that no COA would issue because, in its view, Gladney could not make a substantial showing of the denial of a constitutional right.

Gladney filed a timely notice of appeal, and has now submitted to this court a combined opening brief and application for COA.

## II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner such as Gladney may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court denies a habeas petition on procedural grounds, a COA will be issued only when the petitioner

3

shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Turning first to Gladney's double jeopardy claim, we conclude that he cannot make the first of the requisite showings for issuance of a COA. Gladney's double jeopardy claim rests on the general notion that it was improper for the State of Colorado to prosecute him for first-degree murder after he was convicted in federal court of a related RICO offense. But under the "dual sovereignty doctrine," the Double Jeopardy Clause serves as "no bar to serial prosecution and punishment undertaken by separate sovereign entities," United States v. Barrett, 496 F.3d 1079, 1118 (10th Cir. 2007) (internal quotation marks omitted). And Gladney's case represents the "classic application of the dual sovereignty doctrine," i.e., "successive prosecutions by a state and the federal government." Id. (internal quotation marks omitted). To be sure, we recognize that Gladney's double jeopardy claim, as framed in his direct appeal, was based primarily, if not exclusively, on Colo. Rev. Stat. § 18-1-303. But as the Colorado Court of Appeals has noted, § 18-1-303, titled "Second trial barred by prosecution in another jurisdiction," provides "greater protection than the Double Jeopardy Clause [of the United States Constitution] by negating the dual sovereignty doctrine." People v. Sandreschi, 849 P.2d 873, 875 (Colo. App. 1992). Thus, a violation of § 18-1-303 — and we note that the Colorado Court of Appeals concluded that no such violation occurred in

4

Gladney's case — would not give rise to a cognizable claim of the violation of a constitutional right under 28 U.S.C. § 2254(a).[1] For these reasons, we conclude that reasonable jurists could not debate the fact that Gladney has failed to allege a cognizable violation of the Double Jeopardy Clause of the United States Constitution.

That leaves Gladney's claim that the state district court violated his due process rights by admitting evidence that he was involved in drug dealing. After reviewing the record on appeal, we conclude that reasonable jurists would not find it debatable whether the district court was correct in dismissing this claim as procedurally barred. As the district court noted, Gladney failed to present this constitutional claim to either the Colorado Court of Appeals or the Colorado Supreme Court. And, as the district court noted, were Gladney to attempt to raise that claim now in the Colorado state courts, the claim would be deemed procedurally barred due to his failure to assert it on direct appeal. See Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought"). Thus, Gladney's due process claim is subject in federal court to an anticipatory procedural bar, see Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002), and, as the district court noted, Gladney cannot show either "cause and prejudice or a fundamental miscarriage of justice" to overcome

_____

[1] Section 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

5

this procedural bar to habeas review, <u>English v. Cody</u>, 146 F.3d 1257, 1259 (10th Cir. 1998).

The application for COA is DENIED and this matter is DISMISSED.  Gladney's motion to proceed in forma pauperis on appeal is DENIED.


Entered for the Court


Mary Beck Briscoe
Chief Judge