25CA0075 Peo v Lincoln 04-02-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0075
Mineral County District Court No. 24CR40
Honorable Michael A. Gonzales, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kenneth Lincoln,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE MEIRINK
J. Jones and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 2, 2026

---

Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Kenneth Lincoln, Pro Se

¶ 1     After pleading guilty to sexual exploitation of a child, defendant, Kenneth Lincoln, appeals his conviction.  We affirm.

## I.     Background

¶ 2     In July 2024, fifteen-year-old A.O. met thirty-six-year-old Lincoln while sitting in a park on a break from work.  He asked her for her phone number.  She told him that she was a minor but gave it to him anyway.  Lincoln sent her five texts that night, including a photo of himself shirtless.  The two agreed to meet two days later.  That day, Lincoln picked up A.O. in his car while she was on a work break.  He asked her to kiss him, and A.O. responded "um" and scooted away.  Lincoln then grabbed the back of A.O.'s head, leaned in, and began kissing her.  Lincoln also rubbed his hand over A.O.'s thigh and crotch over her clothing.  Lincoln then asked her if she wanted to move to the back seat.  She declined, saying she was only fifteen, and he drove her back to work.  Later that day, A.O. texted him that their age gap was too large and that she didn't want to see him again.  Lincoln responded that he was disappointed but he had had a good time, he wanted to hang out again, and the age gap wasn't an issue for him.  A.O. texted Lincoln back, calling him a

pedophile, and blocked his phone number.  A.O. reported the incident to police the next day.

¶ 3     Lincoln was charged with unlawful sexual contact (inducing or coercing a child) under section 18-3-404(1.5), C.R.S. 2025, a class 4 felony.  The prosecution amended the complaint to add a count of sexual exploitation of a child under section 18-6-403(3)(b.5), C.R.S. 2025, a class 5 felony.  Lincoln pleaded guilty to the added count of sexual exploitation of a child on the condition that the prosecution dismiss the charge of unlawful sexual contact and a separate pending case not at issue here.

¶ 4     After entering his guilty plea — but before sentencing — Lincoln filed a pro se motion asking the court to dismiss the case or to reduce the charge to a misdemeanor.  He observed that fifteen- and sixteen-year-olds "could lawfully engage in sex with someone less than [ten] years older."  He then asserted that if a twenty-four-year-old could legally have sex with a fifteen-year-old, "What's the difference between a [twenty-four-year-old] and a [thirty-six-year-old] as we are both consenting adults?"  Lincoln also argued, without citing any authority, that it is a class 1 misdemeanor for someone to have sex with a minor between the ages of fifteen and

2

seventeen if they are at least ten years older than the minor.  The trial court denied the motion, finding that it lacked merit.  The court subsequently sentenced Lincoln, as stipulated in the plea agreement, to six years of sex offender intensive supervision program probation and fifty hours of useful public service.  This pro se appeal followed.

## II. Discussion

¶ 5     Lincoln makes multiple arguments on appeal.  As we understand his briefing, he argues that (1) section 18-3-402, C.R.S. 2025, doesn't specify that age difference is a means by which a child can be coerced into sexual contact; (2) because the age of consent is seventeen, but section 18-3-404(1.5) defines a "child" as "any person under the age of eighteen," a child can consent to sexual contact; and (3) the district attorney indicated that there was no touching, which cast doubt on the statements A.O. made in the police report.  Lincoln's claims fail because by entering a voluntary guilty plea, he waived the right to appellate review of those claims.

### A. Standard of Review and Applicable Law

¶ 6     Interpretation of a plea agreement is a question of law that we review de novo.  *People v. Propst,* 2021 COA 13, ¶ 11.

3

¶ 7    A defendant who enters a guilty plea waives nonjurisdictional claims. *See People v. Wilson*, 251 P.3d 507, 508 (Colo. App. 2010); *People v. Carroll*, 939 P.2d 452, 453-55 (Colo. App. 1996). A guilty plea is an admission of all the elements of a criminal charge and "represents a break in the chain of events which has preceded it in the criminal process," after which a defendant may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Neuhaus v. People*, 2012 CO 65, ¶ 8 (quoting *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)). Once a charge is dismissed, a defendant can neither be found guilty of, nor plead guilty to, that charge and cannot, therefore, be an "offender" as to that charge. *People v. Roddy*, 2021 CO 74, ¶ 28.

¶ 8    By pleading guilty, "a defendant waives a number of important constitutional rights." *Patton v. People*, 35 P.3d 124, 128 (Colo. 2001). This waiver extends even to claims that may otherwise implicate constitutional error, except those going to the validity of the plea itself or the trial court's jurisdiction. *See People v. Stovall*, 2012 COA 7M, ¶ 16.

## B.    Analysis

¶ 9    As best we can discern, Lincoln argues that section 18-3-404(1.5) cross-references section 18-3-402, and because the statutes conflict, his conviction must be dismissed.  Lincoln contends that, in relevant part, section 18-3-404(1.5) provides that "[a]ny person who knowingly, with or without sexual contact, induces or coerces a child by *any of the means* set forth in section 18-3-402 to . . . engage in any sexual contact . . . with another person, for the purpose of the actor's own sexual gratification, commits unlawful sexual contact."  (Emphasis added.)  First, he claims that age difference is not a "means" but a "circumstance" and that age can't be considered under the definition of means.  Lincoln doesn't develop this argument, however, so we need not consider it.  *People v. Thompson*, 2017 COA 56, ¶ 199 (We will not review "contentions that have not been 'sufficiently developed.'").[1]

---

[1] While we broadly construe the pleadings of a self-represented litigant to ensure they are not denied review of important issues for lack of ability to articulate arguments like a lawyer, we will not rewrite pleadings or act as an advocate for a self-represented litigant.  *People v. Cali*, 2020 CO 20, ¶ 34 (citing *Jones v. Williams*, 2019 CO 61, ¶ 5).

¶ 10    Second, Lincoln contends that section 18-3-404(1.5) specifies that a child means anyone under the age of eighteen, but that the age of consent is seventeen.  Because seventeen is still considered a "child" under the statute, Lincoln reasons that children can consent to sexual contact with an adult.  Specifically, Lincoln asserts that under section 18-3-402(1)(e), a fifteen-year-old can consent to sexual contact with a twenty-four-year-old, given proximity in age, but a fifteen-year-old can't consent to sexual contact with someone ten years older, which, he argues, is a nonsensical distinction.  We note that this is the same argument he made in the pro se motion he filed before sentencing, which the court denied as meritless.

¶ 11    Lincoln's arguments are misplaced because the statutes Lincoln challenges don't apply and can't form the basis of an appeal.  In exchange for pleading guilty to sexual exploitation of a child under section 18-6-403(3)(b.5), the People dismissed Lincoln's charge of unlawful sexual contact under section 18-3-404(1.5).  Because unlawful sexual contact didn't serve as a basis for Lincoln's conviction, there's no judgment of conviction for unlawful sexual contact for him to appeal.  Likewise, he wasn't charged with

sexual assault under section 18-3-402, so there's no sexual assault conviction for him to appeal.

¶ 12 Next, Lincoln's argument concerning discrepancies between the information contained in the police report and the district attorney "stating there was no touching" similarly fails. By pleading guilty to sexual exploitation, Lincoln admitted that sufficient facts existed that could be presented at trial to result in a finding of guilt, and he gave up all possible defenses to that charge. In doing so, he relinquished the right to contest evidentiary discrepancies and to challenge the sufficiency of the evidence against him. Because Lincoln does not contest the validity of his plea or the trial court's jurisdiction — the only issues appealable after a guilty plea — no cognizable claims are before this division, and his arguments are waived. *See Patton*, 35 P.3d at 128.

¶ 13 Finally, to the extent that Lincoln suggests in his reply brief that he signed the plea agreement "because [he] needed to get out of jail," his assertion is unavailing. We don't consider arguments raised for the first time in a reply brief. *See People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007) (declining to consider arguments raised for the first time in a reply brief). Even if we were to consider

Lincoln's argument on the merits, however, a defendant's desire to be free from pretrial confinement doesn't, without more, render a plea unknowing or involuntary. *See, e.g.*, *People v. Kyler*, 991 P.2d 810, 818-19 (Colo. 1999) (rejecting the defendant's argument that he was coerced into pleading guilty and that his plea was involuntary because he was restrained during the period of time leading up to the entry of his plea); *People v. Finley*, 141 P.3d 911, 914 (Colo. App. 2006) (holding that being held in solitary confinement for an extended period didn't affect whether the defendant voluntarily entered a guilty plea).

## III.   Disposition

¶ 14    We affirm.

JUDGE J. JONES and JUDGE LUM concur.